**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ara MICHAELIAN,**
**Defendant-Appellant.**

No. 86–1072.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 30, 1986.

Decided Oct. 31, 1986.

Sanford Svetcov, Charles B. Burch, Asst. U.S. Attys., San Francisco, Cal., for plaintiff-appellee.

Frank Z. Leidman, Frederik A. Jacobsen, Sideman & Bancroft, San Francisco, Cal., for defendant-appellant.

Before ANDERSON, TANG and FARRIS, Circuit Judges.

TANG, Circuit Judge:

Defendant Ara Michaelian appeals from (1) denial of his motion to suppress evidence seized pursuant to two search warrants, and (2) denial of his motion to dismiss his indictment for tax evasion and subscribing to false tax returns. Michaelian contends that the warrants lacked probable cause; that the warrants violated the particularity requirement of the Fourth Amendment; and that the "good faith" exception to the exclusionary rule does not apply. Michaelian further asserts that federal agents violated the confidentiality requirement of 26 U.S.C. § 6103, and that the proper remedies for such a violation are dismissal of the indictment or suppression of the evidence seized. The district court held that probable cause supported the warrants. The district court held further

that the warrants violated the particularity requirement of the Fourth Amendment, but that the "good faith" exception to the exclusionary rule permitted admission of the evidence seized. Finally, the district court held that, even if IRS agents violated 26 U.S.C. § 6103, dismissal of the indictment and suppression of the evidence seized were improper remedies. We have jurisdiction under 28 U.S.C. § 1291 and Fed.R.Crim.P. 11(a)(2), and we affirm.

## FACTS AND PROCEDURAL HISTORY

Ara Michaelian was president and majority shareholder of Ara Explorations, Inc., a San Francisco marine salvage company which sells scrap products and industrial valves. Michaelian's brother Arthur was president and sole shareholder of MAR-IND Supply Co., Inc., a San Francisco marine and industrial valve and fitting supplier. On January 22, 1982, and February 4, 1982, IRS Special Agent Gerald Cox (Agent Cox) met separately with Donna Johnson and James Doty. Johnson was Ara Michaelian's sister-in-law and bookkeeper; Doty had been a salesman for Michaelian since 1978. Johnson and Doty told Agent Cox that, since 1978, Ara Michaelian and Arthur Michaelian had engaged in a "cash-skimming" scheme by issuing checks to fictitious or unwitting payees and claiming the phony payments as deductible expenses on tax returns. One of the informants furnished a list, prepared from Ara Michaelian's business check register, of ninety-three checks allegedly issued to fictitious or unwitting payees from 1981 to 1982. Both informants had had close personal contact with the Michaelians from 1978 to 1982, had been inside their business premises frequently during that time, and had participated in the alleged cash-skimming scheme.

Arthur Michaelian's former bookkeeper Bertha Diaz, when interviewed by Cox, corroborated Doty and Johnson as to Arthur Michaelian's alleged cash-skimming scheme. Review of Ara Michaelian's tax returns for 1978 through 1980 led IRS Special Agent Billy Johnson, a CPA, to conclude that Ara Michaelian had fraudulently deducted business receipts on Schedule C of his tax return as cost of goods sold for his sole proprietorship. Review of Ara Michaelian's corporate tax return for the year ending 1981 led Agent Cox to a similar conclusion. Agent Cox submitted an eight-page affidavit and three search warrants for review and approval pursuant to IRS regulations to IRS District Counsel, IRS Chief Counsel, the Tax Division of the Department of Justice and the U.S. Attorney. The affidavit contained tax return information of Ara Michaelian. The warrants were executed on October 27, 1982. Numerous documents were seized.

On May 17, 1985, Ara Michaelian was indicted by a federal grand jury on five counts of tax evasion (26 U.S.C. § 7201) for calendar years 1978–1982, and two counts of subscribing to false corporate tax returns (26 U.S.C. § 7206(1)) of Ara Explorations, Inc., for tax years 1981 and 1982. Following an evidentiary hearing on September 13, 1985, the district court denied Michaelian's motion to suppress evidence seized under the search warrants for his business records and his motion to dismiss for alleged unlawful disclosure of his tax return information. On November 27, 1985, Michaelian entered conditional pleas of guilty to one count of tax evasion (for 1981) and one count of subscribing to a false corporate tax return (for 1981 also). Michaelian reserved his right to appeal from the denial of his pretrial motions. The district court dismissed the remaining counts and sentenced Michaelian to three concurrent three-year prison terms and a special assessment of $100. Michaelian is at liberty on bond pending disposition of this appeal.

## DISCUSSION

### I. Probable Cause

 Determinations of probable cause must be upheld if the issuing magistrate had a "substantial basis" for concluding that a search would uncover evidence of wrongdoing. *Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983). A federal search warrant must be based upon a showing of probable cause

that a federal crime has been committed. *See* Fed.R.Crim.P. 41(b)(2). It is clear, however, that an affidavit containing a recitation of facts which show a nexus to a federal crime furnishes probable cause to support a warrant. *United States v. Washington,* 782 F.2d 807, 820 (9th Cir. 1986). In *Washington,* an affidavit reciting facts which demonstrated the defendant's involvement in prostitution, not in itself a federal crime, recited facts sufficient to demonstrate a nexus to various federal crimes, including the Travel Act, RICO, and income tax violations. *Id.* at 820.

Michaelian argues that the affidavit, in its recitation of facts describing the cash-skimming scheme, fails to adequately demonstrate that a federal crime has been committed. Since writing business checks to fictitious payees · is not a federal crime, Michaelian contends the affidavit fails to establish probable cause that federal tax crimes have been committed. We disagree.

■ In this case, the informants provided information describing a course of cash-skimming from 1978 to 1982 by which records used in the preparation of tax returns were created. Michaelian's bookkeeper told Agent Cox that the ledger containing phony entries was used to prepare tax returns. Based on this information and upon their experience, IRS agents concluded that large sums were fraudulently deducted in violation of the tax laws. Certainly, more direct evidence of tax crimes— *e.g.,* an account of the actual fraudulent preparation of tax returns by Michaelian— would have augmented probable cause. But the information discussed *supra* described a course of conduct which extended beyond mere "cash-skimming," and which included the preparation of phony records used in preparing tax returns determined by experienced IRS agents to contain fraudulent deductions. Such evidence demonstrates at least a nexus between the cash-skimming scheme and violations of the tax laws. *See Washington,* 782 F.2d at 820.

Michaelian further contends that corroboration provided by (1) the informants Doty and Johnson of each other, (2) the bookkeeper Diaz, and (3) IRS examination of his tax returns, was insufficient to sustain a determination of probable cause. This contention lacks merit.

■ Michaelian correctly points out that evidence relating to the years 1978–1980 was provided only by one of the informants. It is likewise true that no list of alleged phony checks was provided for those years, and that no investigation was undertaken to determine if the payees were in fact fictitious or unwitting. A magistrate may infer, however, that the scope of the evidence presented represents the "tip of the iceberg" and conclude that probable cause is not limited to evidence described by informants. *See United States v. 50 State Distributing Co.,* 708 F.2d 1371, 1374–1375 (9th Cir.1981), *cert. denied,* 465 U.S. 1021, 104 S.Ct. 1272, 79 L.Ed.2d 677 (1984). Insofar as the IRS agents' conclusions based on examination of Michaelian's tax return are concerned, it is clear that opinions and conclusions of an experienced agent regarding a set of facts are properly a factor in the probable cause equation under the *Gates* totality of the circumstances approach. *United States v. Seybold,* 726 F.2d 502, 504 (9th Cir.1984), *United States v. Foster,* 711 F.2d 871, 878 (9th Cir.1983).

Based on the totality of these circumstances, *see Gates,* 462 U.S. at 236, 103 S.Ct. at 2331, it cannot be said that the magistrate lacked a substantial basis on which to conclude that probable cause existed for the issuance of the search warrants in this case. Doty and Johnson had personal and business relationships with Michaelian. They independently corroborated each other as to the cash-skimming schemes and as to the location and description of documents related to the schemes. The bookkeeper Diaz confirmed the credibility of the informants. The conclusions of IRS agents based upon examination of Michaelian's returns provided further corroboration. Given the fact that these infor-

mants were citizen informants without criminal records, see *United States v. McCrea*, 583 F.2d 1083, 1085 (9th Cir.1978); *Rutherford v. Cupp*, 508 F.2d 122, 123 (9th Cir.1974), *cert. denied*, 421 U.S. 933, 95 S.Ct. 1663, 44 L.Ed.2d 92 (1975), further corroboration was unnecessary to a determination of probable cause.

## II. Applicability of the "Good Faith" Exception to the Exclusionary Rule to the Warrants

■ Whether the "good faith" exception to the exclusionary rule applies in any given case is subject to *de novo* review. *United States v. Whiting*, 781 F.2d 692, 698 (9th Cir.1986).

The district court held that the search warrants[1] were overbroad in violation of the particularity requirement of the Fourth Amendment. Nevertheless, the district court permitted introduction of the evidence seized, based upon the "good faith" exception to the exclusionary rule. Affirmance of the district court on this issue makes unnecessary further examination of the overbreadth determination made below, so long as we conclude that the warrants were not so facially overbroad as to preclude reasonable reliance by the executing officers. *See United States v. Leon*, 468 U.S. 897, 923, 104 S.Ct. 3405, 3421, 82 L.Ed.2d 677 (1984); *United States v. Crozier*, 777 F.2d 1376, 1381 (9th Cir.1985).

■ If the executing officers act in good faith and in reasonable reliance upon a search warrant, evidence which is seized under a facially valid warrant which is later held invalid may be admissible. *Leon*, 468 U.S. at 926, 104 S.Ct. at 3423; *Massachusetts v. Sheppard*, 468 U.S. 981, 988, 104 S.Ct. 3424, 3428, 82 L.Ed.2d 737 (1984). *Leon* involved an affidavit, prepared by police officers, which failed to establish probable cause to support a search warrant. 468 U.S. at 903, 104 S.Ct. at 3410. *Sheppard* involved a warrant which contained a clerical error, committed by the issuing judge, which rendered the warrant violative of the particularity requirement of the Fourth Amendment. 468 U.S. at 987, 104 S.Ct. at 3428. The "good faith" exception does not extend to situations in which the officer obtains a warrant based on a "bare bones" affidavit and then relies on good faith execution by innocent colleagues in order to sustain the warrant. *See Leon*, 468 U.S. at 923 n. 24, 104 S.Ct. at 3421 n. 24. Nor is the "good faith" exception available where the executing officer simply could not have reasonably relied on a facially deficient warrant, where the magistrate is misled by an officer's dishonesty or reckless disregard for the truth, or where the magistrate wholly abandons his judicial role. *Id.* at 923, 104 S.Ct. at 3421.

Michaelian seeks reversal of the district court's denial of his motion to suppress based upon the argument that *Sheppard*

---

**1.** The warrants read, in pertinent part, as follows:

... [C]ertain documents and records of Ara Michaelian and Ara Explorations, Inc., formerly Ara Valve and Fitting Co., including the cancelled checks, bank statements and deposit slips, check registers, check stubs, customer order records and inventory records, lists of employees, cash disbursements journals, general ledgers, copies of federal and California state income tax returns and accountant's work papers for ... Ara Michaelian, d/b/a Ara Valve and Fitting Co., for the years 1978 through 1980, and Ara Explorations, Inc., for the years 1981 through the present, which are fruits, evidence and instrumentalities of criminal offenses against the United States, namely, attempts to evade or defeat federal income tax and aiding, assisting and advising the preparation of false and fraudulent income

tax returns, in violation of Title 26, United States Code, Sections 7201 and 7206(2) and conspiring to defraud the United States by impeding, impairing, obstructing, and defeating the lawful functions of the Treasury Department in the collection of income taxes, in violation of Title 18, United States Code, Section 371 and any and all fruits, instrumentalities, and evidence (at this time unknown) of these crimes which facts recited in the accompanying affidavit make out.

The district court, in holding that the warrants were the "functional equivalent" of a warrant struck down by this Court in *United States v. Cardwell*, 680 F.2d 75 (9th Cir.1982), stated that the warrants could and should have been more specific in light of the lengthy IRS investigation and detailed knowledge provided by Doty and Johnson.

makes *Leon* inapplicable to situations where the officer obtaining the warrant, not the magistrate, causes the defect in the warrant. *Sheppard,* in applying *Leon* to a warrant which was flawed due to a clerical error by the issuing judge, emphasized that the officers in that case took every step that could reasonably be expected of them in executing the warrant. *See* 468 U.S. at 989, 104 S.Ct. at 3429. Appellant, reasoning that the Supreme Court intended to protect executing officers from the errors of magistrates but not from errors of their brother officers who obtain warrants, reads *Sheppard* to limit *Leon* to situations involving errors on the part of a magistrate. Such an interpretation of *Leon* lacks merit.

Michaelian's reading of *Sheppard* is overly restrictive. The *Sheppard* court emphasized that officers who had done all that could reasonably be expected of them in obtaining a facially valid warrant should not suffer as the result of clerical oversights committed by an issuing judge. 468 U.S. at 989–90, 104 S.Ct. at 3429–30. In applying *Leon* to the facts of *Sheppard,* however, the Court focused exclusively upon the issue of whether there was an objective reasonable basis for the mistaken belief of the executing officers that the warrant was valid. *Id.* at 988, 104 S.Ct. at 3428. The judge in *Sheppard* assured the officers that the warrant was sufficient to authorize the requested search. *Id.* at 990, 104 S.Ct. at 3429. It was that assurance, along with the changes made by the judge in the warrant, which formed the basis for the officers' reliance. *Id.* at 990, 104 S.Ct. at 3429. In no way does *Sheppard* limit the circumstances in which an officer's reliance may be reasonable to a situation in which the judge is the source of the warrant's deficiency; it only holds that such a situation may present such circumstances. *See id.* at 990–91, 104 S.Ct. at 3429–30.

■ *Leon* does not preclude applicability of the "good faith" exception in all situations where an officer's affidavit falls short of satisfying probable cause. Certainly, an officer who has submitted a "bare bones" affidavit may not thereafter rely on the good faith of the executing officers. *See Leon,* 468 U.S. at 923 n. 24, 104 S.Ct. at 3421 n. 24. But the affidavit in this case is far from what *Leon* envisioned as a affidavit so bereft of probable cause that it could not support issuance of a warrant notwithstanding good faith on the part of the executing officers. *See supra* section I (discussing probable cause). Indeed, the affidavit related the results of an extensive investigation which occurred over the course of seven months. In the absence of abandonment of the detached and neutral magisterial role, suppression is proper only where the officers were dishonest or reckless in preparing their affidavit, or could not have harbored an objectively reasonable belief in the existence of probable cause due to a facial deficiency in the warrant. *See Leon,* 468 U.S. at 926, 104 S.Ct. at 3423. No facts or circumstances exist which support either an abandonment of the magisterial role or dishonesty or recklessness on the part of IRS agents.

Nor do the warrants in this case approximate the degree of facial deficiency which would preclude objective reasonable reliance by federal agents. In this case, federal agents were not authorized to seize documents for any of the years preceding 1978 for Michaelian's sole proprietorship, nor for any of the years preceding 1981 for his corporation. Likewise circumscribed was seizure of categories of documents not specified in the warrant, *e.g.,* correspondence. Compare *United States v. Crozier,* 777 F.2d 1376, 1381 (9th Cir.1985) (warrant authorizing search for "Material evidence of violation [of] 21 USC [§§] 841, 846" so overbroad as to be facially deficient, precluding reasonable reliance). The warrants and affidavit came under scrutiny at four levels of attorney review, further adding to the reasonableness of the agents' reliance thereon. *See United States v. Fama,* 758 F.2d 834, 837 (2d Cir.1985) (lawyer approval of warrant is evidence of reasonable reliance).

We now turn to Michaelian's assertion that the district court improperly shifted

the burden of proof of bad faith to him, rather than requiring the government to bear the burden of proof of objectively reasonable reliance. We disagree.

■ The government, not the defendant, bears the burden of proving that its agents' reliance upon the warrant was objectively reasonable. *United States v. Hendricks,* 743 F.2d 653, 656 (9th Cir.1984), *cert. denied,* 470 U.S. 1006, 105 S.Ct. 1362, 84 L.Ed.2d 382 (1985). The district court's denial of Michaelian's motion does contain one sentence suggestive of an impermissible shift of the burden of proof, *i.e.* "There is no evidence before this court that Special Agent Cox acted in bad faith ..." Nevertheless, the trial court went on to indicate that Agent Cox testified as to the preparation of his affidavit, and as to the approval of the affidavit by various officials in the IRS and Department of Justice. This language demonstrates that the trial court required the government to introduce evidence tending to prove that the reliance of its agents was objectively reasonable. The single sentence taken out of context and referred to by Michaelian does not indicate an impermissible shift of this burden, but merely describes the absence of any evidence in the record that the agents' reliance was *not* objectively reasonable and in good faith.

We reiterate that, beyond analyzing whether the warrant was so overbroad as to be facially deficient affirmance on *Leon* grounds makes it unnecessary to review the overbreadth determination made below. We note, however, that warrants limited as to time, *see, e.g., United States v. Gomez-Soto,* 723 F.2d 649, 653 (9th Cir.1984) (previous five years), *cert. denied,* 466 U.S. 977, 104 S.Ct. 2360, 80 L.Ed.2d 831 (1984), as to a certain transaction, *see Andresen v. Maryland,* 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976) (real estate deal), and as to a particular crime, *see, e.g., United States v. Washington,* 782 F.2d 807, 818 (9th Cir.1986); *United States v. Hayes,* 794 F.2d 1348, 1355 (9th Cir.1986), have previously withstood scrutiny under the particularity requirement.

### III. Violation of 26 U.S.C. § 6103(h)

■ Whether a federal statute provides a particular remedy is a question of law reviewable *de novo. See United States v. Frazin,* 780 F.2d 1461, 1464–65 (9th Cir.1986); *United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.1984) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Whether the trial court erred in refusing to impose sanctions for a statutory violation under its supervisory power is reviewed for an abuse of discretion. *United States v. Roberts,* 779 F.2d 565, 568–69 (9th Cir.1986); *United States v. Noti,* 731 F.2d 610, 612 (9th Cir.1984).

Michaelian contends that the IRS violated the confidentiality requirement of 26 U.S.C. § 6103(h)[2] by disclosing his tax re-

---

**2.** 26 U.S.C. § 6103(h) reads in pertinent part:
*(h) Disclosure to certain Federal officers and employees for purposes of tax administration, etc.*
*(2) Department of Justice.*—In a matter involving tax administration, a return or return information shall be open to inspection by or disclosure to officers and employees of the Department of Justice (including United States Attorneys) personally and directly engaged in, and solely for their use in, any proceeding before a Federal grand jury or preparation for any proceeding (or investigation which may result in such a proceeding) before a Federal grand jury or any Federal or State court, but only if—
(A) the taxpayer is or may be a party to the proceeding or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability in respect of any tax imposed under this title;
(B) the treatment of an item reflected on such return is or may be related to resolution of an issue in the proceeding or investigation; or
(C) such return or return information relates or may relate to a transactional relationship between a person who is or may be a party to the proceeding and the taxpayer which affects, or may affect, the resolution of an issue in such proceeding or investigation.
*(3) Form of request.*—In any case in which the Secretary is authorized to disclose a return or return information to the Department of Justice pursuant to the provisions of this subsection—
(A) if the Secretary has referred the case to the Department of Justice, or if the proceeding is authorized by subchapter B of chapter

turn to the Department of Justice ("DOJ") in October of 1982, several months before a grand jury investigation of Michaelian was authorized under 26 U.S.C. § 7602.[3] The disclosure occurred pursuant to IRS procedure which requires search warrants to be reviewed and approved by both IRS and DOJ lawyers. Michaelian reads 26 U.S.C. § 6103(h)(3) to require referral of a case by the Secretary of the Treasury, pursuant to 26 U.S.C. § 7602, to the DOJ for grand jury investigation or prosecution before disclosure of tax return information may occur. Although apparently no court has held that dismissal or suppression is an appropriate remedy for § 6103 violation, Michaelian contends that those remedies are the only ones "adequate to serve the statute's purpose." We disagree.

It is clear that Congress specifically provided criminal penalties for unauthorized disclosure of tax return information in violation of § 6103. *See* 26 U.S.C. § 7213, 18 U.S.C. § 1905; *United States v. Chemical Bank*, 593 F.2d 451, 457 (2d Cir.1979). This Court has previously demonstrated its reluctance to imply a judicial remedy for violations of § 6103 given Congress' explicit provision of a remedy. *See United States v. Claiborne*, 765 F.2d 784, 793 (9th Cir.1985) (§ 6103(i)), *cert. denied*, —— U.S. ——, 106 S.Ct. 1636, 90 L.Ed.2d 182 (1986). *Cf. United States v. Frazin*, 780 F.2d 1461, 1466 (9th Cir.1986) (Financial Right to Privacy Act provided for civil penalties). Other circuits have reached similar conclusions. *See, e.g., Marvin v. United States*, 732 F.2d 669, 673 (8th Cir.1984); *United States v. Barnes*, 604 F.2d 121, 146 (2d Cir.1979), *cert. denied*, 446 U.S. 907, 100

S.Ct. 1833, 64 L.Ed.2d 260 (1980). Indeed, no court has held that a § 6103 violation warrants dismissal or suppression.

The Second Circuit has suggested in dictum that suppression might be available for a § 6103 violation, *see United States v. Chemical Bank*, 593 F.2d 451, 458 (2d Cir. 1979), and one U.S. District Court has relied upon the *Chemical Bank* dictum in setting aside portions of an affidavit which relied on unauthorized disclosure in violation of § 6103, *see United States v. Lavin*, 604 F.Supp. 350, 356 (E.D.Pa.1985). The *Lavin* case involved a warrant unrelated to tax administration, however; the illegal disclosure of tax information supported a warrant for narcotics evidence. *Lavin* relied upon the fact that disclosure was not made in a tax administration matter, as required by § 6103(h), and thus required a court order under § 6103(i)(1)(B). *See id.* Moreover, *Lavin* relies solely upon *Chemical Bank*'s dictum and omits discussion of other, then-existing contrary authority such as *Marvin* and *Barnes*. Here, tax administration is at issue and thus § 6103(h)(2) applies, instead of § 6103(i)(1)(B) as applied in *Lavin*. Other authorities cited by Michaelian discuss dismissal as a remedy for violation of other tax statutes which do not embody legislatively created remedies, and involve bad faith and flagrant government overreaching not present in this case, *see United States v. Dahlstrum*, 493 F.Supp. 966, 975 (C.D.Cal.1980, Hauk, J.) (§ 7203); *United States v. Weiss*, 566 F.Supp. 1452 (C.D.Cal.1983, Hauk, J.) (same).

---

76, the Secretary may make such disclosure on his own motion, or

(B) if the Secretary receives a written request from the Attorney General, the Deputy Attorney General, or an Assistant Attorney General for a return of, or return information relating to, a person named in such request and setting forth the need for the disclosure, the Secretary shall disclose or return the information so requested.

**3.** 26 U.S.C. § 7602(c) reads in pertinent part:
*(2) Justice Department referral in effect.—*
For purposes of this subsection—

*(A) In general.*—A Justice Department referral is in effect with respect to any person if—
(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, or
(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

The district court did not abuse its discretion in refusing to fashion a dismissal or suppression remedy for a violation of § 6103. Given this conclusion, we do not reach the question of whether any violation of § 6103 occurred.

## CONCLUSION

The district court properly held that the warrants were supported by probable cause. The district court correctly held that the executing officers' reliance upon the warrants was objectively reasonable and in good faith, and that such reliance precluded application of the exclusionary rule to the evidence seized thereunder. Even if a violation of § 6103 occurred, dismissal or suppression are improper remedies, and the district court did not abuse its discretion in refusing to fashion them as remedies. Accordingly, the judgment of the Court below is AFFIRMED.