996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guilberto Silva DE LA TORRE, Defendant-Appellant.
 No. 92-50298.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 1, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Guilberto Silva De La Torre ("Silva") appeals his conviction following a conditional guilty plea to conspiracy, aiding and abetting, and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. Silva contends the district court erred by denying his motion to suppress evidence of cocaine trafficking found pursuant to an invalid search warrant. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Good Faith
 
 
 4
 Silva contends the district court erred by denying his motion to suppress evidence seized pursuant to the search warrant because the officers' search was not justified under the "good faith" exception to the exclusionary rule. Silva argues the officers did not reasonably rely on the warrant because the officers failed to conduct an ongoing investigation into criminal activity, Maples prepared a bare bones affidavit, and a government attorney did not review the warrant. Silva's contention lacks merit.
 
 
 5
 We review de novo the district court's determination that a police officer's reliance on a warrant was objectively reasonable. United States v. Brown, 951 F.2d 999, 1003 (9th Cir.1991). Under the "good faith" exception to the exclusionary rule, the district court may deny a motion to suppress evidence obtained pursuant to a facially valid search warrant that is later held invalid if the officer executing the search warrant had an objectively reasonable belief that the warrant was valid and executed it in good faith. United States v. Leon, 468 U.S. 897, 920-23 (1984); see also United States v. McLaughlin, 851 F.2d 283, 284-85 (9th Cir.1988) (even if information in affidavit so old that it could not support probable cause, evidence properly admitted under the "good faith" exception because warrant not so deficient that reasonable officer could not believe it to be valid). An officer's "good faith" reliance is objective and "is based solely on facts presented to the magistrate." United States v. Hove, 848 F.2d 137, 140 (9th Cir.1988).
 
 
 6
 The "good faith" exception does not apply to situations where the warrant is facially deficient, where the officer securing the warrant provides false or misleading information, or where the magistrate judge "wholly abandons his judicial role." United States v. Michaelian, 803 F.2d 1042, 1046 (9th Cir.1986). In determining whether the "good faith" exception applies, the court evaluates the following factors: (1) whether the warrant was facially deficient in its description of the location to be searched and the items to be seized, (2) whether there was a substantial basis for finding probable cause, (3) the extensiveness of the investigation, (4) whether there was "objective legal reasonableness," and (5) whether the officer consulted with a government attorney. Brown, 951 F.2d at 1004-06.
 
 
 7
 Here, LAPD Detective Herbert Maple secured a warrant to search 5131 McCallum Street, Southgate, California ("McCallum property"). Maples's affidavit stated that within the past seven days a confidential informant ("CI") advised Maples that a person known as "Pepe" was selling cocaine from the McCallum property. The affidavit further stated that the CI advised Maples that, within two days of speaking to Maples, the CI had seen "a large quantity of cocaine" in Pepe's possession and Pepe had agreed to sell cocaine to the CI. The affidavit also stated that the CI was a reliable source who had furnished accurate information during the previous two months. Based on the CI's information, Maples included his expert opinion that "cocaine currently is being stored and sold at 5131 McCallum."
 
 
 8
 The district court found the affidavit upon which the warrant was based contained "stale" information and, therefore, lacked probable cause. Nevertheless, the district court determined that the warrant was "not so bad that an officer ... could not believe that a magistrate could find probable cause from it. So the Leon exception applies." We agree.
 
 
 9
 Although the district court found the information in the affidavit stale because it could have been nine days old, a reasonable officer could have believed that the information was fresh. Thus, although the affidavit may have been insufficient to establish probable cause, it was not so lacking that no trained officer could reasonably believe that probable cause existed to support the warrant. See Brown, 951 F.2d at 1004-05; McLaughlin, 851 F.2d at 284-85.
 
 
 10
 Contrary to Silva's assertions, Maples was under a time pressure to secure the warrant, and the sting operation was not entirely within the LAPD's control. On August 29, 1991, following a signal from the CI, Maples spent one hour and forty-five minutes preparing the affidavit and two hours and thirty minutes waiting for a magistrate judge to review and sign the search warrant. While Maples was preparing and securing the warrant, the LAPD surveilled and secured the McCallum property to ensure defendants would not relocate or destroy evidence relating to narcotics. Thus, Maples' failure to solicit government attorney review of the warrant did not render the officers' reliance on the warrant unreasonable. Cf. United States v. Weber, 923 F.2d 1338, 1346 (9th Cir.1990) (officers had time to solicit attorney evaluation of warrant where they planned delivery of pornographic material and had "complete control" over the timing of the search).
 
 
 11
 Additionally, we do not find the affidavit in this case to be the type of bare bones affidavit found deficient in Weber. 923 F.2d at 1345 (search for publications and video equipment unjustified where affidavit contained "foundationless" expert testimony and "boilerplate recitations"). The affidavit recited that cocaine was being sold from the premises and that a large quantity of cocaine was seen inside the house. Moreover, the affidavit did not contain any false or misleading information, and there is no evidence that the magistrate judge abandoned his judicial role. See Michaelian, 803 F.2d at 1046. Accordingly, the district court properly held the good faith exception applicable.[1]
 
 II
 Breadth of Warrant
 
 12
 Silva contends the warrant was overbroad because there was insufficient probable cause to justify a search of the garage located behind the residence. This contention lacks merit.
 
 
 13
 We review de novo a warrant's alleged overbreadth. Center Art Galleries-Hawaii, Inc. v. United States, 875 F.2d 747, 749 (9th Cir.1989). A warrant must state with particularity the location to be searched and must be no broader than the probable cause upon which it is based. Weber, 923 F.2d at 1342. Where a structure contains two residences or where two residences share a lot, there must be probable cause to search each residence. United States v. Whitten, 706 F.2d 1000, 1008 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984). Nevertheless, a warrant may authorize search of an entire street address where there is probable cause as to only a portion of the address if the premises are occupied in common, under one control, or the entire premises are suspect. Id. (citing United States v. Gilman, 684 F.2d 616, 618 (9th Cir.1982)). Additionally, a magistrate judge may make reasonable inferences as to whether probable cause exists to search certain locations and may consider the opportunity to conceal contraband. United States v. Jackson, 756 F.2d 703, 705 (9th Cir.1985). The magistrate judge need not find direct evidence linking the criminal object to the location to be searched. Id. Rather, he need only determine a "fair probability exists of finding evidence" at the location. Id.; see also United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986).
 
 
 14
 Here, the warrant authorized search of the house, 2-car garage, wood shed, and vehicle located at 5131 McCallum Street. The warrant also authorized: (1) seizure of items tending to establish identity of person in control of the house, storage areas, and vehicles, and (2) seizure of cocaine, narcotic paraphernalia, and items evidencing narcotics sales. Although the garage was detached from the single-family house, it was located on the same lot, with a chain link fence surrounding the entire lot. Therefore, it was reasonable to issue a warrant to search both the house and the garage.[2] See Whitten, 706 F.2d at 1008-09. Moreover, given the type of crime and nature of items sought, it was not unreasonable to infer that narcotics or paraphernalia might be stored in the garage. See United States v. Alexander, 761 F.2d 1294, 1301 (9th Cir.1985) (contraband could be easily hidden in any structure; therefore, warrant authorizing search of any structure on premises was reasonable); Jackson, 756 F.2d at 705. Thus, the district court properly held that the warrant was not overbroad in scope.
 
 III
 Scope of Warrant
 
 15
 Silva contends the seizure of a pair of leather gloves found in the house was beyond the scope of the warrant because the gloves did not fit within the warrant's description of items evidencing control of the premises. This contention lacks merit.
 
 
 16
 We review de novo whether officers exceeded the scope of a warrant in their search. McLaughlin, 851 F.2d at 286. Here, the warrant authorized the seizure of narcotics paraphernalia and personal property tending to establish the sale of narcotics. Gloves may be used to handle packages of cocaine to prevent detection of fingerprints. Here, two pairs of leather gloves, whose seizure Silva does not challenge, were found in the garage. Thus, the gloves may provide evidence establishing the identity of the person handling cocaine or in the control of the premises and may provide a link to cocaine. Thus, the gloves "fit neatly into the warrant['s] authorization, which we have found not to be overbroad." See United States v. Rodriguez, 869 F.2d 479, 487 (9th Cir.1989). Because the gloves were part of the personal property tending to establish sale of narcotics, their seizure was not beyond the scope of the warrant.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government argues with considerable force that the information contained in the warrant affidavit was not in fact stale. Because we affirm the district court on another ground, we find it unnecessary to address the government's argument
 
 
 [2]
 The record contains no evidence to support Silva's argument that the garage could have been converted into a residence or rented to someone other than the occupant of the house. See United States v. Whitney, 633 F.2d 902, 908 (9th Cir.1980) (court upheld warrant authorizing search of premises containing two dwellings where the record contained no evidence that officers were aware that there were two dwellings), cert. denied, 450 U.S. 1004 (1981)