[PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 20, 2001
THOMAS K. KAHN
CLERK

_____

No. 01-11679
Non-Argument Calendar

_____

U.S. Tax Ct. No. 10478-99

MARILYN F. NOWICKI,

Petitioner-Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Appeal from a Decision of the
United States Tax Court

_____

(August 20, 2001)

Before ANDERSON, Chief Judge, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

## I. BACKGROUND

Marilyn Nowicki is a veterinarian who, through her professional corporation known as Marilyn F. Nowicki, DVM, P.A., operated several incorporated animal clinics in Broward County, Florida. Douglas Verhougstraete was her long-time companion and was involved in her business, where he handled certain administrative and financial matters.

Their personal relationship eventually ended, apparently not amicably. Verhougstraete informed the Internal Revenue Service ("IRS") that Nowicki's professional corporation had paid some of her personal living expenses, which it deducted as business expenses but which she did not report as income. During the course of the IRS investigation Nowicki produced cancelled corporate checks and bank statements, among other records. At the IRS' request, Verhougstraete reviewed the checks to assist in differentiating between business and personal expenses.

Based upon its investigation, the IRS determined that Nowicki realized additional taxable income for the 1992 through 1994 taxable years in the form of constructive dividends from her professional corporation and that she was liable for accuracy-related additions to tax. Nowicki petitioned the tax court for a

redetermination of the deficiencies, and on November 1, 2000, filed a motion in that court to suppress all evidence obtained in violation of Internal Revenue Code ("I.R.C.") § 6103, arguing that by asking Verhougstraete to review the checks from her professional corporation, the IRS had improperly disclosed her tax return information and thereby "contaminated the evidence supporting the notice of deficiency . . . and rendered it inadmissable as evidence against her." She also filed a motion for an evidentiary hearing on her motion to suppress; the tax court denied both motions.

Instead of proceeding to trial, Nowicki settled her case after the IRS conceded a portion of the asserted deficiencies. However, the stipulated decision filed in the tax court preserved her right to appeal the denial of her motion to suppress and her motion for an evidentiary hearing. She now appeals, arguing that the disclosure of her return information violated § 6103 and that any evidence obtained as a result of that violation must be suppressed.

## II. DISCUSSION

Section 6103[1] requires that tax returns and return information be kept confidential and not be disclosed by a federal officer or employee, with certain exceptions. The government argues that any disclosure to Verhougstraete was permitted pursuant to I.R.C. § 6103(k)(6) because the disclosure was "necessary in obtaining information, which [was] not otherwise reasonably available, with respect to the correct determination of tax [or] liability for tax." 26 U.S.C. § 6103(k)(6); see also 26 C.F.R. § 301.6103(k)(6)-1(b).

Nowicki contends that the exception provided for in § 6103(k)(6) is not applicable. Although the government claims that information regarding the nature of the expenses paid by Nowicki's professional corporation was "not otherwise reasonably available" because she disclaimed any knowledge of the nature of the expenses, she adamantly denies that suggestion.

---

[1]Section 6103 provides, in relevant part:

(a) General rule.—Returns and return information shall be confidential, and except as authorized by this title—

(1) no officer or employee of the United States . . .
shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section.

26 U.S.C. § 6103(a).

4

Even assuming for the sake of argument that the § 6103(k)(6) exception is not applicable, imposition of the exclusionary rule is not warranted for a disclosure of return information which violates § 6103. Congress has specifically provided civil (I.R.C. § 7431) as well as criminal penalties (I.R.C. § 7213) for violations of § 6103. There is no statutory provision requiring exclusion of evidence obtained in violation of § 6103 and we will not invent one.

In United States v. Thompson, 936 F.2d 1249, 1250 (11th Cir. 1991), we considered a criminal defendant's contention that evidence should have been suppressed in his trial on various drug charges because of a violation of the statute (18 U.S.C. § 3121 et seq.) allowing for use of a "pen register." We looked for guidance to several cases addressing other statutes which held that statutory violations by themselves were not sufficient to warrant imposition of the exclusionary rule.[2] Thompson, 936 F.2d at 1251. Assuming without deciding that § 3121 had been violated, we reasoned that:

> Clearly Congress intended to place limits on the Government's ability to monitor the private activities of individuals when it passed this statute. Congress did not, however, suggest that any information obtained in violation of the statute's provisions should be excluded. Instead the statute provides only for fines and possible imprisonment for knowing violations. When Congress specifically designates a

---

[2]One of those cases was United States v. Michaelian, 803 F.2d 1042, 1049 (9th Cir. 1986), which considered the appropriate remedy for a violation of § 6103.

> remedy for one of its acts, courts generally presume that it engaged in the necessary balancing of interests in determining what the appropriate penalty should be. Absent a specific reference to an exclusionary rule, it is not appropriate for the courts to read such a provision into the act.

Id. at 1251-52 (citations omitted).

We find that reasoning persuasive and equally applicable here. Congress saw fit to provide only certain remedies for violations of § 6103, and the exclusionary rule was not one of them. Even assuming that the disclosure to Verhougstraete violated § 6103, suppression of any evidence resulting from that violation is not an appropriate remedy. See United States v. Michaelian, 803 F.2d 1042, 1049-50 (9th Cir. 1986) (because Congress specifically provided for criminal penalties for § 6103 violations, suppression of evidence was not an appropriate remedy); Marvin v. United States, 732 F.2d 669, 673 (8th Cir. 1984) (same, but also noting that Congress provided civil penalties for § 6103 violations).

**AFFIRMED.**