**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John Anthony RABACA, Defendant–Appellant.**

No. 00–50589.
D.C. No. CR–99–01324–NM.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 7, 2001 *.

---

* The panel unanimously finds this case suitable

Decided Aug. 23, 2001.

Before HALL and TROTT, Circuit Judges, and WINMILL, District Judge.**

## MEMORANDUM ***

John Rabaca appeals the district court's order denying his motion to suppress evidence based on an allegedly inadequate search warrant. We have jurisdiction pursuant to 28 U.S.C. § 1291 (2000), and AFFIRM.

Because the parties are familiar with the facts of the case, we recount them here only where necessary to explain our decision.

### A. Standard of Review

We review for clear error a magistrate judge's decision to issue a search warrant. *See United States v. Fulbright,* 105 F.3d 443, 453 (9th Cir.1997). We must uphold the warrant if, under the totality of the circumstances, the magistrate judge had a "substantial basis" for concluding that the affidavit in support of the search warrant established probable cause. *See Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Hernandez,* 937 F.2d 1490, 1494 (9th Cir.1991).

for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable B. Lynn Winmill, Chief Judge for Idaho District Court, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

B. Analysis

█ Reviewing the affidavit at issue in this case, Judge Manella applied *Gates'* totality of the circumstances inquiry and observed:

We have three unrelated informants, one of whom provided his name and address, and all of whose evidence was consistent with and corroborative of each other providing three different officers on three separate occasions within a period of approximately three weeks evidence from which a reasonable person, and particularly an officer like Officer Anderson experienced in narcotics and stolen property investigations, could infer that illegal activity was being conducted at the defendant's residence... Certainly there must be some—something that would cause one to' believe these accounts, but here the corroboration was the cumulative evidence provided by the sequential increasingly detailed and specific reports of three people, none of whom appeared to be in a position to have collaborated with the others to concoct a false story, nor have the courts required the police to engage in time-consuming activities which are not necessary to provide an adequate basis for believing illegal activity is afoot at a certain location.

We agree with Judge Manella's observations and her conclusion that the state magistrate judge had a "substantial basis" for concluding that the affidavit in support of the search warrant established probable cause.

The informants' veracity was amply established through corroboration. *See United States v. Landis,* 726 F.2d 540, 543 (9th Cir.1984) ("Interlocking tips from different confidential informants enhance the credibility of each."). Three separate informants independently provided information to three different officers on three distinct occasions, and the informants' ac-

counts dovetailed in several material respects. Rabaca identified no evidence even remotely suggesting collusion on the part of the tipsters.

The informants were reliable notwithstanding the fact that none previously had provided information to authorities. *See United States v. Canfield,* 212 F.3d 713, 719 (2d Cir.2000) (quotation omitted) ("[I]t is improper to discount an informant's information simply because he has no proven record of truthfulness or accuracy."). Here, all three informants were identified and gave information to police face-to-face. Informant # 3, in fact, was a citizen informant, who voluntarily came to the police station and personally provided to authorities his name, address, and other identifying information. We have held that when citizen informants without criminal records provide information, "further corroboration was unnecessary to a determination of probable cause." *United States v. Michaelian,* 803 F.2d 1042, 1045–46 (9th Cir. 1986); *see also United States v. Hernandez–Escarsega,* 886 F.2d 1560, 1566 (9th Cir.1989) ("[T]he detailed nature of many of [the informants'] statements and the interlocking nature of their stories enhanced their credibility.").

Finally, the affidavit sufficiently established the informants' bases of knowledge. Most important, Informant # 2 expressly stated "that he was inside of 'Dreamer's' residence approximately one week ago and saw four (4) uzi-machine guns and three (3) .38 caliber pistols in 'Dreamer's' bedroom closet." In this way, Informant # 2 clearly indicated that he personally entered 1207 W. 22nd Street and witnessed seven firearms and their precise location in the residence. Arguably, Informant # 2's information, *by itself,* establishes probable cause in light of our statement that "[a] detailed eye-witness report of a crime is self-corroborating; it supplies its own indi-

cia of reliability." *United States v. Elliott*, 893 F.2d 220, 223 (9th Cir.1990) (quotation omitted), *amended in non-relevant part by United States v. Elliott*, 904 F.2d 25 (9th Cir.1990).

## C. Conclusion

It may be true that "[n]o single piece of evidence ... is conclusive[, but] the pieces fit neatly together and, so viewed, support the Magistrate's determination that there was a fair probability that contraband or evidence of a crime would be found" at 1207 W. 22nd Street. *Massachusetts v. Upton*, 466 U.S. 727, 733, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984) (quotation omitted).

Accordingly, the district court's order denying Rabaca's motion to suppress evidence is

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.