[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12446
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-00096-RS-GRJ

VERSIAH MANGEL TAYLOR,

Plaintiff-Appellant,

versus

CHRISTOPHER PEKEROL,
IRS CI Agent,
MARGARET WEISS,
IRS CI Agent,
ALFREDO VASQUEZ,
IRS CI Agent,
CANDACE KOKIAL,
IRS CI Agent,
TANYA BURGESS,
IRS CI Agent, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 14, 2015)

Before HULL, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

The opinion docketed in this case on August 4, 2015 was erroneously issued. It is therefore VACATED, and this opinion is issued in its stead.

Versiah Taylor, proceeding pro se, appeals the district court's sua sponte dismissal of his complaint under 28 U.S.C. § 1915. In it, he alleged that Internal Revenue Service (IRS) agents unlawfully inspected and disclosed his tax return information to various third parties, including a Channel 13 News employee and suspects in other criminal investigations, in violation of 26 U.S.C. §§ 6103(k)(1) and 7431(a)(1). The district court dismissed Taylor's complaint without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). The district court further found that any attempt to amend it would have been futile because (1) his claims were Heck-barred;[1] and (2) exceptions to §§ 6103(k)(6) and 7431(b)(1), including a good-faith exception, applied to the IRS agents' alleged conduct. After careful consideration, we vacate the district court's order and remand to allow Taylor to amend his complaint.

## I.

We first consider whether Taylor's claims were Heck-barred. Under Heck

---

[1] Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994).

2

v. Humphrey, a prisoner may not bring a civil suit for damages if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." 512 U.S. 477, 487, 114 S. Ct. 2364, 2372 (1994). Thus, the question here is whether a judgment in favor of Taylor under § 6103 would necessarily imply the invalidity of the convictions for which he is in prison, which included filing false claims against the government, wire fraud, and aggravated identity theft, among other things.

Under § 6103, federal government employees must keep tax return information confidential except for specific purposes. 26 U.S.C. § 6103(a). A taxpayer may sue the United States for damages if a federal officer or employee discloses his tax return information in violation of § 6103. Id. § 7431(a)(1).

Heck does not bar a § 7431 wrongful-disclosure suit because winning a § 7431 suit would not necessarily imply the invalidity of Taylor's convictions. Though this Court has not addressed it, other Circuits have indicated that there is no exclusionary remedy for §§ 6103 and 7431 violations. See, e.g., United States v. Michaelian, 803 F.2d 1042, 1050 (9th Cir. 1986) ("Even if a violation of § 6103 occurred, dismissal or suppression are improper remedies."); Marvin v. United States, 732 F.2d 669, 673 (8th Cir. 1984) ("Assuming . . . that a violation of section 6103 occurred, we hold that in this case . . . suppression[ ] of copies of the seized records is not an available remedy."). And this Court has held that exclusion is not a remedy under §§ 6103 and 7431 for purposes of a redetermination of deficiencies

3

in tax liability.  See Nowicki v. C.I.R., 262 F.3d 1162, 1163 (11th Cir. 2001) (per curiam) ("There is no statutory provision requiring exclusion of evidence obtained in violation of § 6103 and we will not invent one.").  Thus, Taylor would not have been entitled to an exclusionary remedy if he prevailed in his § 7431 claims, and his success would therefore not imply that his convictions were necessarily invalid.[2]

## II.

We next address whether the district court erred by dismissing Taylor's complaint sua sponte.  We review de novo a district court's sua sponte dismissal of a complaint for failure to state a claim under § 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true.  Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003).  A district court may sua sponte dismiss a prisoner's in forma pauperis complaint for failure to state a claim before process is served.  Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001); see also 28 U.S.C. § 1915(e)(2)(B)(ii).  Federal Rule of Civil Procedure 12(b)(6)'s standards govern our review of sua sponte dismissals under § 1915(e)(2)(B)(ii).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  To survive a motion to dismiss for failure to state a claim, the complaint must contain sufficient facts, accepted as true, to

---

[2] The Magistrate Judge found that Taylor's claims were barred by Heck in part because his complaint sought "the termination of his criminal liability, immunity and damages for his time in jail."  However, the mere fact that Taylor requested such relief does not mean that he is entitled to it or that his success as to any of his objectives would necessarily invalidate his convictions.

state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

A party may amend his pleading "once as a matter of course" within 21 days after serving it, and, in other cases, the district court should freely grant a party leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(1)–(2).  We review denials of motions to amend for an abuse of discretion.  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).  In general, "a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," unless amending the complaint would be futile.  Id. (quotation omitted).

Here, Taylor's complaint is deficient because he named as defendants individual IRS agents, rather than the United States.  See § 7431(a)(1) (providing that a taxpayer may bring a suit "against the United States"); see also Mid-S. Music Corp. v. Kolak, 756 F.2d 23, 25 (6th Cir. 1984) ("[U]nder 26 U.S.C. § 7431(a)(1) the only proper defendant to such a suit is the United States, and . . . no claim is stated against the individual defendants . . . ." (footnote omitted)).  He also incorrectly filed his complaint on the form for 42 U.S.C. § 1983 actions.  Thus, the relevant question is whether amending Taylor's complaint to name the United States as defendant and use the correct form would be futile.

Under § 6103(a), "return information" is confidential and no officer or

employee of the United States may disclose any return information except for specific, authorized reasons.  26 U.S.C. § 6103(a).  "Return information" includes, among other things, "a taxpayer's identity" and "whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing." Id. § 6103(b)(2)(A).  "'[D]isclosure' means the making known to any person in any manner whatever a return or return information." Id. § 6103(b)(8).  However, importantly here, IRS officers

> may, in connection with [their] official duties relating to any audit, collection activity, or civil or criminal tax investigation or any other offense under the internal revenue laws, disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title.

Id. § 6103(k)(6).  Return information may also be disclosed "pursuant to and upon the grant of an ex parte order by a Federal district court judge or magistrate [judge]" and subject "to inspection by, or disclosure to, officers and employees of any Federal agency who are personally and directly engaged in" (1) "preparation for any judicial or administrative proceeding pertaining to the enforcement of a specifically designated Federal criminal statute (not involving tax administration)"; (2) "any investigation which may result in such a proceeding"; or (3) "any Federal grand jury proceeding pertaining to enforcement of such a criminal statute." Id. § 6103(i)(1)(A).

6

The district court concluded that amendment to Taylor's complaint would be futile because any disclosure was necessary for law enforcement purposes under § 6103(k)(6). We agree that it is unlikely that Taylor could raise a plausible claim based on disclosures to other federal law enforcement officers involved in his criminal investigation, any judge, or a grand jury. However, Taylor's allegations—taken as true—that IRS agents disclosed his return information "to an employee of Channel 13 News" and to various criminal suspects and various other non-law-enforcement individuals could not be justified by the exceptions listed in § 6103, and therefore would not be futile.

Of course, § 7431 also prevents liability for any inspection or disclosure that resulted "from a good faith, but erroneous, interpretation of section 6103." Id. § 7431(b)(1). The good faith exception to § 7431(a) liability is judged by an objective standard:

> [T]he good faith exception applies, and thus bars a plaintiff from recovering damages under § 7431, where 1) the agent or agents who disclosed tax return information in violation of § 6103 followed the relevant agency regulations and/or manuals, and 2) the regulations and/or manuals followed by those agents constituted a reasonable interpretation of the law.

Comyns v. United States, 155 F. Supp. 2d 1344, 1350 (S.D. Fla. 2001) (emphasis added), aff'd 287 F.3d 1034 (11th Cir. 2002) (per curiam). The district court did not engage in a good-faith analysis as described in Comyns. Beyond that, Taylor's allegations that the IRS agents disclosed his return information to numerous third

parties do not appear to fall within the bounds of applicable regulations.[3]  If that is the case, the good-faith exception would not apply, and Taylor's amended complaint would not be futile for the alleged disclosures to the media and other criminal suspects.

### III.

We next address whether the district court's dismissal <u>without</u> prejudice prevents us from permitting Taylor to amend his complaint.  A dismissal without prejudice is tantamount to a dismissal with prejudice if it has the effect of precluding the plaintiff from refiling his claim due to the running of the statute of limitations.  <u>Justice v. United States</u>, 6 F.3d 1474, 1481–82 & n.15 (11th Cir. 1993).

Here, the district court's dismissal without prejudice was tantamount to a dismissal with prejudice because, accepting the allegations in Taylor's complaint as true, the limitations period had probably expired for some of Taylor's claims before the court dismissed the complaint.  The statute of limitations for bringing a

---

[3] The relevant regulations—similar to the statutory language itself—state that IRS officers "may [in connection with their official duties relating to civil or criminal investigation] disclose return information, of any taxpayer, to the extent necessary to obtain information relating to such official duties or to accomplish properly any activity connected with such official duties."  26 C.F.R. § 301.6103(k)(6)-1(a)(1).  Additionally, IRS employees "may identify themselves, their organizational affiliation . . . and the nature of their investigation, when making an oral, written, or electronic contact with a third party witness."  <u>Id.</u> § 301.6103(k)(6)-1(a)(3).  Finally, the regulations provide that return information may be disclosed to federal employees and by federal employees who are directly involved in a criminal investigation or proceeding, if doing so is necessary.  <u>Id.</u> § 301.6103(i)-1(a)–(b).  The regulations contain no exception for disclosures to the media or other criminal suspects.

claim under § 7431 is "2 years after the date of discovery by the plaintiff of the unauthorized inspection or disclosure." 26 U.S.C. § 7431(d). Taylor alleged in his complaint that many of the improper disclosures occurred between February 12 and May 14, 2012—the date the district court dismissed his complaint in 2014. Assuming Taylor learned of the disclosures around the time that they happened,[4] the two-year statute of limitations has expired. In short, the district court's dismissal without prejudice was tantamount to a dismissal with prejudice, and Taylor should be given leave to amend his complaint.

IV.

Finally, we address Taylor's constitutional claims that appear both in his objections to the Magistrate Judge's report and recommendation and in his brief before this Court. Construed liberally, Taylor's objections to the R&R constituted a motion requesting leave to amend his complaint in order to add claims under Bivens[5] alleging that his Fourth- and Fifth-Amendment rights were violated. However, because the district court summarily denied Taylor's R&R objections, we do not know whether the court considered his allegations under the Fourth and Fifth Amendments. Since we are remanding to allow Taylor leave to amend his

---

[4] Attached to Taylor's complaint is a memorandum of a conversation that occurred on May 9, 2012 between Taylor and IRS agents in which Taylor said that he had heard the IRS was looking for him and that the IRS "took documents from his office that don't pertain to him." This attachment suggests that he knew of some of the disclosures by May 2012.

[5] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971).

9

complaint, he may choose to raise his constitutional claims more clearly, and the district court can rule on them specifically.

V.

We vacate and remand with instructions that Taylor be afforded an opportunity to amend his complaint.

**VACATED AND REMANDED.**