**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-50324 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:19-cr-00288-SVW-1 |
| | 2:19-cr-00288-SVW |
| KRISTOPHER NATHAN BOUTIN, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted February 15, 2022
Pasadena, California

Before:  OWENS and MILLER, Circuit Judges, and CHRISTENSEN,[**] District
Judge.

Kristopher Boutin, a federal prisoner incarcerated in Texas, appeals from the

district court's denial of his motion to suppress the evidence obtained from digital

devices seized from his residence.  The investigation ultimately led to his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Dana L. Christensen, United States District Judge for
the District of Montana, sitting by designation.

conviction for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2), and failure to register under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). Boutin also seeks review of certain conditions of his supervised release. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand to the district court in part.

We review de novo the district court's ruling on the motion to suppress and the application of the good faith exception to the exclusionary rule. *United States v. Barnes*, 895 F.3d 1194, 1199 (9th Cir. 2018). Evidence obtained pursuant to an invalid warrant will not be excluded so long as the executing officers "act[ed] 'in objectively reasonable reliance' on the warrant." *United States v. Underwood*, 725 F.3d 1076, 1085 (9th Cir. 2013) (citation omitted). We consider the totality of the circumstances when making that assessment. *Id.* This good faith exception applies so long as "[t]he affidavit . . . establish[ed] at least a colorable argument for probable cause," *United States v. Crews*, 502 F.3d 1130, 1136 (9th Cir. 2007) (citation omitted), which "is made when thoughtful and competent judges could disagree that probable cause does not exist," *Underwood*, 725 F.3d at 1085 (9th Cir. 2013) (internal quotation marks and citation omitted).

Based on the totality of the circumstances, it was objectively reasonable for

the officers to rely on the warrant because it created a colorable argument for probable cause that Boutin lived in the Irvine apartment, and that he had access to digital devices. The affidavit outlined extensive facts indicative of the alleged crime, which were corroborated by the officer's observations and experience connecting digital devices to the SORNA violation and to the location. *See United States v. Jobe*, 933 F.3d 1074, 1078 (9th Cir. 2019) (holding the officers could reasonably rely on a warrant where the affidavit outlined facts indicative of the alleged crime, including a tip corroborated by the officer's observations and experience). And as in *Crews*, the officer's statements about people who commit this type of crime bolstered the reasonableness of relying on the warrant because they tied case-specific facts—concerning Boutin's status as a sex offender and access to electronic devices, digital photos, and social media—to the evidence the officers expected to find on the devices. 502 F.3d at 1137; *cf. United States v. Weber*, 923 F.2d 1338, 1345-46 (9th Cir. 1990) (holding reliance on a search warrant was unreasonable where the officer's statements concerned "child molesters" without any evidence the defendant could be so labeled).

Additionally, the executing officers reasonably relied upon the warrant in good faith to search the Irvine residence for digital devices because the affidavit contained "indicia of . . . a reasonable nexus between the crime . . . and [the location searched]." *Crews*, 502 F.3d at 1137. The affidavit reasonably connected

3

the defendant to the evidence and the location searched, and further explained that digital evidence is typically stored at home in these kinds of cases. *Cf. United States v. Grant*, 682 F.3d 827, 838-41 (9th Cir. 2012) (establishing no reasonable nexus where the warrant connected only unrelated individuals to the evidence and location searched).

Boutin's overbreadth arguments also fail because the warrant "was not 'so facially overbroad as to preclude reasonable reliance.'" *United States v. Luk*, 859 F.2d 667, 678 (9th Cir. 1988) (quoting *United States v. Michaelian*, 803 F.2d 1042, 1046 (9th Cir. 1986)). Because the officers could reasonably rely on this warrant's assessment of probable cause, the warrant was not facially overbroad. *See id.* And the officers properly relied on the warrant in good faith because it restricted seizure to documents from a set time period and prohibited seizure of certain categories of documents. *See Michaelian*, 803 F.2d at 1047; *United States v. Schmidt*, 947 F.2d 362, 373-74 (9th Cir. 1991). Also, because the record shows that officers seized only evidence authorized under the good faith exception, it is not clear that they "seized evidence to the full extent" of the issued warrant as Boutin alleges.

Because we determine the good faith exception to the exclusionary rule applies, we do not address whether the affidavit supported probable cause. *See Crews*, 502 F.3d at 1136.

Finally, we vacate and remand Special Conditions 16 and 17 for the district

4

court to conform the written judgment to the oral pronouncement. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015). We also vacate and remand Special Conditions 12 and 19, which were not included in the oral pronouncement, for the district court to strike them from the written judgment. *See United States v. Jones*, 696 F.3d 932, 938 (9th Cir. 2012). Additionally, we vacate and remand Standard Condition 14 for the district court to strike it from the written judgment because, as the government conceded, the condition was not inherently included in Boutin's sentence, *cf. United States v. Napier*, 463 F.3d 1040, 1043 (9th Cir. 2006), as it was not used by the Central District at the time of sentencing, *see* Am. General Order 20-04 (C.D. Cal. Aug. 28, 2020).

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**