UNITED STATES of America, Plaintiff–Appellee,

v.

Kimberly Ann HOVE, Defendant–Appellant.

No. 87–5013.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 4, 1988.

Decided June 2, 1988.

Before CANBY and WIGGINS, Circuit Judges, and LOVELL,* District Judge.

CANBY, Circuit Judge:

The district court denied Kimberly Hove's pretrial motion to suppress incriminating evidence seized by the police from one of her residences. Although the evidence was seized pursuant to a facially valid warrant, the affidavit submitted to the magistrate in support of the warrant failed to link Hove to the address of the residence searched. The district court found that the affidavit was deficient, but held that the evidence seized was admissible under *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), because the officers acted in a good faith belief that probable cause existed to justify the search. On appeal, Hove argues that the good faith exception to the exclusionary rule should not save the search in this case because the affidavit was so deficient that official belief in the existence of probable cause would be entirely unreasonable. We agree and reverse the district court's ruling that *Leon's* good faith exception to the exclusionary rule applies to this search.

## FACTUAL BACKGROUND

On February 18, 1986, Sergeant Moya, an experienced police officer with the Los Angeles County Sheriff's Department, responded to a bomb complaint from Mr. Kenneth Hove, Kimberly Hove's ex-husband. Over the following two weeks, Mr. Hove received two threatening letters in the mail. The letters were composed of words cut out of a magazine and pasted on paper. The envelopes were typed with a typewriter that had some malfunction in its keys. Sgt. Moya conducted his investigation of the case by talking to Mr. Hove, his neighbors, and Kimberly Hove's sister, Cindy Wilson. The evidence Sgt. Moya collect-

Marilyn E. Butler, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Alka Sagar, Deputy U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

* The Honorable Charles Lovell, United States District Judge for the District of Montana, sitting by designation.

ed led him to suspect that Kimberly Hove was sending the letters to Mr. Hove and planting pipe bombs under his car.

Sgt. Moya learned that Ms. Hove and the couple's only child stayed with several different relatives and that one of their current residences may have been with Hove's father, Gerald Wilson, at 2727 DeAnza Road in San Diego. Sgt. Moya learned that Hove was staying at this residence by tracing a phone number given to him by Hove and her sister. Sgt. Moya went out to this location and observed toys in the yard and a car, previously identified as belonging to Ms. Hove, in the parking lot. Although he testified that he recited these facts to his stenographer when preparing his affidavit for a search warrant, the final affidavit did not include this information. Therefore, the final warrant application, while it set forth facts suggesting that Kimberly Hove had sent threatening letters, never linked Kimberly Hove or any suspected criminal activity in any way with the 2727 DeAnza residence. The error went unnoticed by Sgt. Moya, a district attorney who reviewed the affidavit, and the magistrate who issued a search warrant based on the affidavit.

The warrant was executed by Deputy Stevens. A magazine with words cut out of it that matched the threatening letters was found at the DeAnza residence. In its order denying Hove's motion to suppress, the district court held that, in light of Sgt. Moya's investigation, probable cause existed to believe that Kimberly Hove resided at the DeAnza location. In addition, the court held that Deputy Stevens executed the warrant with objective good faith that probable cause existed to justify the search.

## STANDARD OF REVIEW

We review *de novo* the issue of whether the "good faith" exception to the exclusionary rule applies to this search. *See United States v. Dozier*, 826 F.2d 866, 872 (9th Cir.1987). We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.

## DISCUSSION

In this case, it is clear that probable cause to search the DeAnza residence was not established before the magistrate because the affidavit submitted to obtain the warrant did not explain the significance or relevance of searching this particular location. *See United States v. Hendricks*, 743 F.2d 653, 654–56 (9th Cir.1984), *cert. denied*, 470 U.S. 1006, 105 S.Ct. 1362, 84 L.Ed.2d 382 (1985). The district court acknowledged the affidavit's deficiency, but held that the evidence seized need not be suppressed because the officers involved acted in good faith that probable cause existed to search the DeAnza residence. The only question before us on appeal, therefore, is whether *Leon's* good faith exception to the exclusionary rule applies to save the search in this case.

In *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the Supreme Court held that evidence obtained pursuant to a facially-valid search warrant, later found to be invalid, is admissible if the executing officers acted in good faith and in objectively reasonable reliance on the warrant. *Id.* at 922, 104 S.Ct. at 3420. The *Leon* Court noted, however, that an officer cannot manifest objective good faith if the warrant he is relying on was supported by an affidavit that is " 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.' " *Id.* at 923, 104 S.Ct. at 3421 (citations omitted).

We agree with Hove that the affidavit submitted by Sgt. Moya in support of this search warrant was so deficient that any official belief in the existence of probable cause must be considered unreasonable. The test for reasonable reliance is whether the affidavit was sufficient to "create disagreement among thoughtful and competent judges as to the existence of probable cause." *Leon* 468 U.S. at 926, 104 S.Ct. at 3422. *See also United States v. Tate*, 795 F.2d 1487, 1490 (9th Cir.1986). Here, reasonable judges could not disagree over whether probable cause existed to search the DeAnza location because the affidavit offers no hint as to why the police wanted

to search this residence. The affidavit does not link this location to the defendant and it does not offer an explanation of why the police believed they may find incriminating evidence there; the affidavit simply lists the DeAnza address as a location to be searched. It is critical to a showing of probable cause that the affidavit state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched. *Hendricks*, 743 F.2d at 654. No such facts were stated in this affidavit. Thus, any official belief in the existence of probable cause must be considered unreasonable.

■ Despite the complete lack of "any indicia of probable cause" in the affidavit, the district court found that the officers acted in objective good faith that probable cause existed to search the DeAnza residence. In so finding, the court apparently relied on facts that Sgt. Moya subjectively knew at the time he completed the affidavit but that were not included in the affidavit or presented to the magistrate. *Leon* does not extend, however, to allow the consideration of facts known only to an officer and not presented to a magistrate. The *Leon* test for good faith reliance is clearly an objective one and it is based solely on facts presented to the magistrate. *Leon*, 468 U.S. at 923, 104 S.Ct. at 3421. An obviously deficient affidavit cannot be cured by an officer's later testimony on his subjective intentions or knowledge. "[R]eviewing courts will not defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" *Leon*, 468 U.S. at 915, 104 S.Ct. at 3416 (quoting *Illinois v. Gates*, 462 U.S. 213, 239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)).

■ *Leon* creates an exception to the exclusionary rule when officers have acted in reasonable reliance on the ruling of a judge or magistrate. The point is that officers who present a colorable showing of probable cause to a judicial officer ought to be able to rely on that officer's ruling in executing the warrant. *Leon*, 468 U.S. at 916–17, 104 S.Ct. at 3417–18. When the officers have not presented a colorable showing, and the warrant and affidavit on their face preclude reasonable reliance, the reasoning of *Leon* does not apply. To permit the total deficiency of the warrant and affidavit to be remedied by subsequent testimony concerning the subjective knowledge of the officer who sought the warrant would, we believe, unduly erode the protections of the fourth amendment.

The district court accordingly erred in failing to suppress the evidence obtained in the search of the DeAnza property. The conviction is reversed and the cause remanded for retrial, if there is to be one.

REVERSED AND REMANDED.

LOVELL, District Judge, dissenting:

I respectfully dissent.

The majority found that the good faith exception to the exclusionary rule as set out in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), does not apply in this case because the error was not that of the judicial officer issuing the warrant, but rather was that of the officer applying for the warrant.

The Ninth Circuit has acknowledged that the Supreme Court in *Massachusetts v. Shepherd*, 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984), did not limit the circumstances in which an executing officer's reliance was reasonable "to a situation in which the judge is the source of the warrant's deficiency." *U.S. v. Michaelian*, 803 F.2d 1042, 1047 (9th Cir.1986).

The Ninth Circuit has also acknowledged that

> *Leon* does not preclude applicability of the 'good faith' exception in all situations where an officer's affidavit falls short of satisfying probable cause.... In the absence of abandonment of the detached and neutral magisterial role, suppression is proper only where the officers were dishonest or reckless in preparing their affidavit, or could not have harbored an objectively reasonable belief in the existence of probable cause due to a facial

deficiency in the warrant. *See Leon,* 468 U.S. at 926, 104 S.Ct. at 3423.

*Id.*

Although the affidavit was deficient in that it did not specifically connect the DeAnza address to Ms. Hove, I find that it was not so deficient that official belief in the existence of probable cause was unreasonable. In his five page affidavit, Sergeant Moya set out a summary of his two week investigation indicating that Ms. Hove may have been residing in San Diego. On the page listing the DeAnza address as a location to be searched, the affidavit also listed two automobiles which would be searched at that location, a white Toyota pickup truck and a brown Ford station wagon. The affidavit linked both of these automobiles to the bombing incident. The brown station wagon was specifically linked to Ms. Hove, and the white pickup was linked to her father. It is not unreasonable that an executing officer would rely, in good faith, on this warrant and affidavit and conclude that the DeAnza residence was one in which Ms. Hove was residing.

The majority ignores the fact that Detective Stevens, the executing officer, accompanied Sergeant Moya when he investigated the residence at the DeAnza address and observed toys and the brown Ford station wagon which would connect the residence to Ms. Hove. There is no question that the officer executed the warrant in complete good faith.

*Leon* set out parameters for use of the exclusionary rule which would be consistent with its intent, to deter and punish illegal police conduct. Sergeant Moya's misconduct was that he failed to catch the stenographer's error in transcribing that portion of the affidavit specifically linking the DeAnza address to Ms. Hove. This is not the type of flagrant misconduct meant to be deterred under the exclusionary rule. The district court was correct in denying Ms. Hove's motion to suppress. I would affirm that determination.