978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert Leroy COMSTOCK, Defendant-Appellant.
 No. 91-30384.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 17, 1992.
Decided Nov. 2, 1992.
 
 Before BEEZER, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Following the district court's denial of his motion to suppress, Albert Comstock conditionally entered a guilty plea to the indictment which charged conspiracy to manufacture and possess marijuana with intent to distribute. On appeal, he argues that the affidavit filed in support of the search warrant did not supply probable cause and that the good faith exception is inapplicable. Because we hold the magistrate had a substantial basis for concluding the affidavit established probable cause, we affirm.
 
 
 3
 * In September 1990, the government applied for warrants to search four locations, including 784 Covered Bridge Road, Rogue River, Oregon. The address is Albert L. Comstock's residence. In support of its application, the government filed a 29-page affidavit.
 
 
 4
 The affidavit states that federal officers had obtained information that a marijuana growing operation was operating near Rogue River. The affidavit also states that the warehouse on Comstock's property had been using an extremely high amount of electricity over an eleven-month period. Although the affidavit does not state when Comstock occupied the property, it does note that he acquired the electricity meter for the warehouse.
 
 
 5
 The affidavit further reports that "[t]he driveway to the residence was secured with a locked metal stock gate, with 'No Trespassing' and 'No Hunting' signs showing the names of BERT and PENNY COMSTOCK on a sign along with a telephone number." Agents saw no indication on the property of a commercial business which would account for the high power usage. Additionally, as reported in the affidavit, Comstock's utility records indicate that he is retired.
 
 
 6
 Finally, the affidavit reports that Comstock had been seen frequenting the premises of a suspected marijuana grower, and describes a brief meeting between several suspected marijuana growers and a man who matched Comstock's general description and drove Comstock's car.
 
 
 7
 The magistrate judge issued the requested search warrants. Upon searching the premises at 784 Covered Bridge Road, law enforcement officers found evidence of a marijuana growing operation. Following his indictment for conspiracy to manufacture and possess marijuana with intent to distribute, Comstock moved to suppress the evidence seized during the warrant-authorized search.
 
 
 8
 Ruling from the bench, the district court denied Comstock's motion to suppress. The court held the affidavit supplied sufficient probable cause to support issuance of the warrant. Alternatively, the district court held that even if the affidavit did not supply sufficient probable cause, "[a]ny officer issuing the warrant would have a good faith basis to rely on the validity of the warrant." Comstock subsequently entered a conditional guilty plea and was sentenced to 60 months in prison.
 
 II
 
 9
 We review de novo the district court's decision to deny Comstock's motion to suppress. United States v. Ramos, 923 F.2d 1346, 1350 (9th Cir.1991).
 
 
 10
 The Warrant Clause of the Fourth Amendment provides:
 
 
 11
 [N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.
 
 
 12
 U.S. Const., art. IV.
 
 
 13
 In reviewing a district court's determination of probable cause, we determine whether the issuing magistrate had a substantial basis for concluding that the affidavit in support of the warrant established probable cause. Ramos, 923 F.2d at 1351 (citations omitted).
 
 
 14
 It is critical to a showing of probable cause that the affidavit state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the residence to be searched. United States v. Hove, 848 F.2d 137, 140 (9th Cir.1988) (citing United States v. Hendricks, 743 F.2d 653, 654 (9th Cir.1984), cert. denied, 470 U.S. 1006 (1985)). Moreover, there must exist reasonable cause to believe the things listed as the objects of the search are located in the place to be searched. Ramos, 923 F.2d at 1351.
 
 
 15
 In United States v. Ramos, the affidavit did not name the defendant, but instead described him "as an 'unidentified male Latin [ ] wearing a green shirt and tan hat.' " Id. The affidavit related that Ramos drove to a certain residence in his truck, then drove a van in a counter-surveillance manner, unloaded a box from the van, drove the van to the apartment complex where he lived, then drove back to his truck, left the van there and drove away. The affidavit also related the drug trafficking activities of others. Id. There was no evidence linking the apartment complex itself to any criminal activity. Under these circumstances, we found no basis in the affidavit supporting a conclusion there was probable cause to search Ramos' apartment.
 
 
 16
 In United States v. Hove we held an affidavit did not show probable cause when it merely listed the address to be searched and did not explain the significance or relevance of searching this particular location. Hove, 848 F.2d at 139. The affidavit "offer[ed] no hint as to why the police wanted to search this residence." Id. at 139-140.
 
 
 17
 This case is distinguishable from Ramos and Hove. Here, there is evidence directly linking Comstock's property to the suspected marijuana growing conspiracy. The affidavit relates that the warehouse on Comstock's property used an extremely high amount of electricity. The suspicions raised by this fact are compounded by Comstock's locked metal gate, the "no trespassing" signs, and his contacts with other suspected marijuana growers.
 
 
 18
 Moreover, there is more evidence to establish probable cause in this case than in United States v. Rodriguez, 869 F.2d 479 (9th Cir.1989). In Rodriguez, the only evidence linking the premises to the crime was the fact that boxes suspected of containing contraband were no longer visible after a van left a suspect's house. We held this presented a "substantial basis to conclude the boxes had been left at [the defendant's] residence." Id. at 484.
 
 
 19
 Unlike the logical inference upheld in Rodriguez, the high consumption of electricity directly implicates Comstock's residence as a place of on-going illegal activity. Defendants argue that high electrical consumption cannot by itself support a finding of probable cause. The electrical rates, however, do not stand alone. The affidavit places the consumption rates in the context of meetings with other suspects in the marijuana grow conspiracy and independent information that such an operation was in the area.
 
 
 20
 The magistrate had a substantial basis for concluding that the affidavit in support of the warrant established probable cause. The district court's denial of the motion to suppress is
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3