993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lloyd Dewey RUTHERFORD, Jr., Defendant-Appellant.
 No. 92-30331.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 11, 1993.
 
 Before: BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lloyd Dewey Rutherford, Jr., appeals his conviction, following a conditional guilty plea, for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Rutherford argues that the district court erred by applying the good faith exception to the exclusionary rule because (1) the magistrate abandoned his judicial role by ignoring a typographical error in the affidavit supporting the search warrant and (2) the affidavit contained no information linking Rutherford's criminal activity to the place to be searched. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo a district court's denial of a motion to suppress evidence based upon the good faith exception to the exclusionary rule. United States v. Ramos, 923 F.2d 1346, 1353 (9th Cir.1991).
 
 
 4
 Here, Detective Matthew Wood of the Walla Walla police department submitted an affidavit in support of the search warrant. The affidavit contained the following facts: Rutherford checked into a room at the Pony Soldier Inn ("Inn") in Walla Walla, Washington on October 23, 1991. Rutherford had a local residence in Walla Walla. Inn employees reported to police that Rutherford received an unusual number of visitors in his room and that he made fifteen local telephone calls during a four-hour period. Thereafter, a police officer surveilled Rutherford's room but saw only one visitor enter it. The next day, Rutherford requested the room for another night but was told that it was not available. After Rutherford checked out of the Inn at 12:15 p.m., Detective Wood obtained permission to search the room and discovered traces of marijuana, as well as what appeared to be cocaine residue on paper bindles folded in a manner consistent with cocaine packaging. Approximately four hours later, Detective Wood learned that Rutherford had checked into a room at the Capri Motel ("Capri") in Walla Walla.
 
 
 5
 Based upon these facts, a magistrate issued a warrant to search Rutherford's room at the Capri. Police officers executed the warrant and found, among other things, cocaine, marijuana, drug paraphernalia, and a firearm.
 
 
 6
 Rutherford filed a motion to suppress the evidence found at the Capri. The district court held that the warrant was unsupported by probable cause because there was an insufficient nexus between Rutherford's suspected criminal activity at the Inn and his room at the Capri. Nevertheless, the court denied the motion to suppress, holding that the good faith exception to the exclusionary rule applied to overcome the warrant's deficiency.
 
 
 7
 * Typographical Error
 
 
 8
 Rutherford argues that the magistrate abandoned his judicial role by ignoring a typographical error in the affidavit supporting the search warrant. This argument is without merit.
 
 
 9
 "A motion to suppress evidence obtained with an invalid search warrant may be denied if the officers who obtained the evidence had a reasonable belief in its validity." United States v. Brown, 951 F.2d 999, 1004 (9th Cir.1992). The good faith exception does not apply where the issuing magistrate abandons his judicial role. Id.; see also United States v. Leon, 468 U.S. 897, 923 (1984).
 
 
 10
 Here, the affidavit states that Rutherford checked out of his room at the Inn on October 14, 1991, ten days before he checked into the room, rather than October 24, 1991, the correct date. Detective Wood testified at the suppression hearing that he accidentally typed the wrong date. A reading of the entire affidavit indicates that there is no reasonable possibility that the magistrate was confused as to the date that Rutherford checked out of his room at the Inn. There is no indication in the record that Detective Wood intentionally misled the magistrate. Furthermore, there are no facts in the record that would lead the police officers to believe that the magistrate was not acting in a neutral and detached fashion, consistent with his judicial role. Accordingly, the magistrate did not abandon his judicial role by missing the typographical error. See Brown, 951 F.2d at 1004.
 
 II
 Nexus
 
 11
 Rutherford also argues that any official belief in the existence of probable cause was unreasonable because there was no nexus between his suspected criminal activity at the Inn and his room at the Capri. This argument is without merit.
 
 
 12
 The good faith exception also does not apply where the affidavit supporting the warrant is so deficient that official belief in the existence of probable cause must be considered unreasonable. See United States v. Hove, 848 F.2d 137, 139-40 (9th Cir.1988); see also Ramos, 923 F.2d at 1354. "The test for reasonable reliance is whether the affidavit was sufficient to 'created disagreement among thoughtful and competent judges as to the existence of probable cause.' " Hove, 848 F.2d at 139 (citations omitted).
 
 
 13
 Here, Detective Wood suspected that Rutherford was selling drugs from his room at the Inn based upon: the discovery of marijuana and paper bindles in the room; the unusual number of visitors and telephone calls; the fact that Rutherford had a local residence in Walla Walla; Rutherford had requested the room at the Inn for another night; Rutherford checked into the room at the Capri approximately four hours after leaving the Inn. Under these circumstances, official belief in the existence of probable cause to search Rutherford's room at the Capri was not unreasonable. Therefore, the district court did not err by denying the motion to suppress evidence based on the good faith exception. See Ramos, 923 F.2d at 1354 (good faith exception applied to search of apartment where van laden with cocaine had been parked in front of the apartment complex and a truck carrying one of the van's drivers was registered to that address, was seen parked in front of complex, and was registered to the resident of the apartment); cf. Hove, 848 F.2d at 139-40 (good faith exception did not apply to search of residence where affidavit did not link the searched location to the defendant or any suspected criminal activity).[1]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Rutherford's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Based upon our holding that the good faith exception to the exclusionary rule applied to the search warrant, we need not address the government's contention that the district court erred by holding that the warrant was unsupported by probable cause