24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Genaro NAVARRO, Defendant-Appellant.
 No. 93-30371.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 28, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Genaro Navarro appeals his conviction following jury trial for possession of marijuana with intent to distribute in violation of 21 U.S.C. Sec. 841, using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c), and possession of an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d). Navarro contends the district court erred by denying his motion to suppress evidence because the good faith exception to the exclusionary rule did not apply. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo whether a police officer's reliance on a search warrant was objectively reasonable. United States v. Brown, 951 F.2d 999, 1003 (9th Cir.1991).
 
 
 4
 "When officers act in reasonable reliance on a search warrant issued by a neutral magistrate but ultimately found to be invalid," the exclusionary rule does not apply. United States v. Ramos, 923 F.2d 1346, 1353 (9th Cir.1991). If the supporting affidavit contains no information linking the suspect or any criminal activity to the place to be searched, an officer's reliance on the warrant is unreasonable. Id. at 1353-54 (citing United States v. Hove, 848 F.2d 137, 139 (9th Cir.1988)).
 
 
 5
 Navarro argues that no well-trained officer could have reasonably relied on the search warrant because the affidavit contained only anonymous tips and no evidence linking Navarro's criminal activity to his house. We disagree.
 
 
 6
 In the warrant application hearing before the state magistrate, Police Officer Creech sought search warrants for Navarro's house as well as his brother's house (Sergio Navarro). Creech also provided information on Joe Pacheco. Creech testified that the Navarro brothers had 53 incident-related contacts with the police since 1989 and that Genaro Navarro had prior weapons and drug convictions. Several unidentified neighbors had complained that Genaro Navarro was trafficking in drugs from his house and carrying weapons in and out of his house. Similar activity was reported concerning Sergio Navarro.
 
 
 7
 According to Creech, a confidential informant, who had previously reported the brothers' suspicious activities to the Marijuana Eradication Hot Line and had agreed to cooperate with the investigation, reported that on August 9, 1991, the Navarros and Pacheco appeared to be conducting a drug negotiation in front of Sergio Navarro's house. Genaro Navarro had driven away in a Cadillac with a black plastic VCR case, which the informant had seen carried in and out of the house during the alleged negotiations. On August 13, 1991, Creech searched Sergio Navarro's garbage and found plastic wrappers, small plastic bags, and squares of aluminum foil and magazine pages with marijuana and cocaine residue on them. Based upon his twelve years' experience with narcotics investigations, Creech believed that a shipment of narcotics had been received and that the shipment would be found at one of the Navarro's residences. Creech confirmed that the Cadillac, which was then parked in front of Genaro Navarro's house, was registered in his name.
 
 
 8
 In this case, the information contained in the affidavit was not so deficient to render the officer's reliance on the warrant unreasonable.[1] Neighbors had reported that Genaro Navarro trafficked in narcotics with his brother. See Brown, 951 F.2d at 1004 (affidavit linked defendants to criminal organization). Creech found evidence suggesting that a recent shipment of narcotics had arrived at Sergio Navarro's house. The confidential informant's report suggested that Genaro Navarro may have taken the shipment with him and Creech confirmed that Navarro's Cadillac was parked in front of his house. See Ramos, 923 F.2d at 1352-53 (officers could reasonably believe probable cause existed to search defendant's apartment when a van parked in front had been used by a man to carry a box from a house that had been under surveillance).
 
 
 9
 Moreover, Officer Creech consulted with a State Deputy Prosecuting Attorney before applying for the warrant. See Brown, 951 F.2d at 1005 (officer's consultation with a government attorney is a significant factor to finding good faith). A final indication of good faith, is that although Officer Creech had information on three suspects, he sought warrants only to two residences. See id. (seeking warrants for only some suspects' residences demonstrated officer's good faith).
 
 
 10
 Accordingly, the district court properly denied the motion to suppress.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court did not evaluate whether the search warrant was supported by probable cause; instead, the court determined that the good faith exception to the warrant applied