127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Romaine CHRISTENOT, Defendant-Appellant.
 No. 97-30032.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 8, 1997.**
Filed Oct. 16, 1997.
 
 Appeal from the United States District Court for the District of Montana, D.C. No. CR 96-39-BLG-JDS; Jack D. Shanstrom, Chief District Judge, Presiding.
 Before WRIGHT, SKOPIL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Christenot argues that there was an insufficient showing of probable cause to support the issuance of a warrant to search his residence. He contends that anonymous tips alone cannot establish probable cause, but rather must be corroborated, either by police investigation or other indications of reliability. United States v. Clark, 31 F.3d 831, 834 (9th Cir.1994). We need not decide, however, whether the warrant issued here was supported by the requisite probable cause. "Even though a warrant is based on insufficient probable cause, the evidence need not be suppressed if an officer relies in good faith on the warrant's validity." United States v. Mendonsa, 989 F.3d 366, 369 (9th Cir.1993) (citing United States v. Leon, 468 U.S. 897 (1984)). We will find good faith reliance unless the warrant is "based on an affidavit that is so lacking in indicia of probable cause that official belief in its existence is entirely unreasonable." United States v. Fowlie, 24 F.3d 1059, 1067 (9th Cir.1994).
 
 
 3
 We reject Christenot's contention that the affidavit here was too "bare-boned" to justify reasonable reliance. The affidavit contains specific statements from two different sources with at least colorable corroboration for one. This is not a case where "the affidavit offers no hint as to why the police wanted to search this residence." United States v. Hove, 848 F.2d 137, 139-40 (9th Cir.1988) (refusing to apply good faith exception when affidavit failed to link residence to defendant and failed to explain why police believed there may be incriminating evidence at the location).
 
 
 4
 Finally, there is no support for Christenot's assertion that Leon 's good faith exception should not apply because the issuing court "wholly abandoned" its judicial role by acting as a "rubber stamp" for police. This is not a case in which the affidavit was so facially deficient that no reasonable magistrate would have issued a warrant.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3