**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Eduardo RODRIGUEZ, Defendant—Appellant.**

No. 02–30383.

D.C. No. CR–02–06030–EFS.

United States Court of Appeals, Ninth Circuit.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Submitted Dec. 1, 2003.*

Decided Jan. 12, 2004.

U.S. Attorney, U.S. Attorney Office, Yakima, WA, Robert A. Ellis, Asst. U.S. Atty., U.S. Attorney's Office, Yakima, WA, for Plaintiff–Appellee.

Antonio Reyna Salazar, Salazar Law Offices, Seattle, WA, for Defendant–Appellant.

Before KLEINFELD, GOULD, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Rodriguez argues that the *Leon* "good faith" exception does not apply in this case because the affidavit was "so deficient that any official belief in the existence of probable cause must be considered unreasonable."[1] We review de novo Rodriguez's challenge to the district court's application of the *Leon* objective "good faith" exception.[2]

*Leon* held that a facially-valid search warrant later determined to lack probable cause does not preclude the admission of evidence obtained pursuant to the search warrant, provided "the officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues [is] objectively reasonable."[3] Rodriguez argues that the affidavit, like the affidavit in *United States v. Hove*, was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."[4] The affidavit in *Hove* did not connect the defendant or any criminal activity with the resi-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Hove*, 848 F.2d 137, 139 (9th Cir.1988); *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

2. *United States v. Kurt*, 986 F.2d 309, 311 (9th Cir.1993).

3. *Leon*, 468 U.S. at 922.

4. *Hove*, 848 F.2d at 139 (internal quotation marks omitted) (quoting *Leon*, 468 U.S. at 923).

dence to be searched, and thus "offer[ed] no hint as to why the police wanted to search [the] residence."[5] Here, the affidavit in support of the search warrant, a 56–page document describing the activities of a suspected drug-trafficking operation run by three brothers and their connection to four specified locations, contained evidence linking the drug operation to Rodriguez's residence. One of the brothers went to the residence, apparently in search of someone to help him complete a deal. Another brother provided the residence's address as his return address when over $10,000 in cash was seized from him at an airport (the money was returned to that address). Some of the evidence pointing to the address was arguably stale or otherwise failed properly to establish probable cause to search Rodriguez's residence, but the affidavit was not "so lacking in indicia of probable cause" as to preclude application of the *Leon* "good faith" exception in this case.

**AFFIRMED.**

**5.** *Id.* at 139–40.

* The Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.