RONALD LEE GILMAN, Circuit Judge,
concurring.
I concur in the conclusion reached by the majority opinion and in most of its *598 reasoning. But I respectfully disagree with its decision to defer to another day the issue of whether a court should consider the additional information known to the officers but not communicated to the magistrate in deciding if the Leon good-faith exception has been satisfied. The government persuaded the district court that the consideration of such additional information was appropriate. In addition, the issue has been fully briefed and argued on appeal and is discussed in the dissenting opinion. Deciding the issue is therefore appropriate in order to provide guidance to the district courts within our circuit and to future panels of this court. See Webster v. Reproductive Health Servs., 492 U.S. 490, 532-35, 109 S.Ct. 3040, 106 L.Ed.2d 410 (1989) (Scalia, J., concurring in part and concurring in the judgment) (discussing numerous cases where the Supreme Court has departed from the general principle of deciding cases on the narrowest possible constitutional grounds).
As part of its argument, the government contends that the good-faith exception to the exclusionary rule should apply in this case because the police officers knew additional facts that were not included in Captain Lawson’s affidavit, but that, when added to the information contained in the affidavit, would have established probable cause. Specifically, the police (1) knew that beaten paths led from the back door of the residence to the marijuana patches, and (2) had seen two men walking from the patches to the residence. I am of the opinion that any consideration of this additional information would be contrary to controlling Supreme Court precedent.
The Fourth Amendment prohibits police officers, absent certain exceptions not applicable here, from conducting searches of a residence without a properly issued warrant. Agnello v. United States, 269 U.S. 20, 33, 46 S.Ct. 4, 70 L.Ed. 145 (1925) (“Belief, however well founded, that an article sought is concealed in a dwelling house furnishes no justification for a search of that place without a warrant.”). An officer’s correct belief in the existence of probable cause does not obviate the warrant requirement. Id. (“And such searches are held unlawful notwithstanding facts unquestionably showing probable cause.”).
According to the Supreme Court in Leon, evidence obtained through a search pursuant to a deficient warrant must be suppressed, unless the police officer acted “in objectively reasonable reliance on a subsequently invalidated search warrant.” 468 U.S. at 922, 104 S.Ct. 3405. Information tending to show the existence of probable cause that was not disclosed to the issuing magistrate cannot logically have any bearing on the reasonableness of the presenting officer’s belief that the warrant was properly issued, as opposed to the officer’s reasonable belief that probable cause existed for the search. The straightforward reason for this conclusion is that no magistrate can base his or her determination of the existence of probable cause upon information never received.
Leon and Agnello make clear that the relevant question is whether the officer reasonably believed that the warrant was properly issued, not whether probable cause existed in fact. See United States v. Hove, 848 F.2d 137, 140 (9th Cir.1988) (“The Leon test for good faith reliance is clearly an objective one and it is based solely on facts presented to the magistrate. An obviously deficient affidavit cannot be cured by an officer’s later testimony on his subjective intentions or knowledge.”) (citation omitted); United States v. Bynum, 293 F.3d 192, 212 (4th Cir.2002) (Michael, J., dissenting) {“Leon requires that the officer be able to entertain a reasonable belief that the magistrate had a substantial *599 basis for finding probable cause.... [Wjhat the officer knew but did not tell the magistrate is irrelevant.”).
The government argues that Leon itself described situations in which a reviewing court would need to look to facts beyond the affidavit in order to ascertain whether the officers could have reasonably relied on a deficient warrant. I do not quarrel with this argument. But nothing in Leon suggests the illogical position that information supporting probable cause that is known to the officers but not to the issuing magistrate could make the officers’ reliance on the deficient warrant reasonable. Instead, Leon describes several specific situations where the relevant extra-affidavit facts are ones other than pertinent, truthful information known to the officers but not communicated to the magistrate. 468 U.S. at 923, 104 S.Ct. 3405. Suppression is appropriate, for example; “in cases where the issuing magistrate wholly abandoned his judicial role,” because the Fourth Amendment requires a magistrate to be neutral and detached and to make his or her own determination of probable cause. Id. “[N]o reasonably well trained officer should rely on the warrant” where the officer knows that it was not validly issued. Id. Similarly, the Leon Court instructed:
[O]ur good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate’s authorization. In making this determination, all of the circumstances — including whether the warrant application had previously been rejected by a different magistrate — may be considered.
Id. at 922 n. 23, 104 S.Ct. 3405.
This passage from Leon points out the need to consider the circumstances where extra-affidavit information might be relevant to an officer’s good-faith reliance on the warrant’s validity. For example, if an officer takes an affidavit to nine magistrates, all of whom decide that it does not establish probable cause, and the officer subsequently relies on a later-invalidated warrant issued by a tenth magistrate presented with the same affidavit, the fact that nine magistrates had decided against issuing a warrant raises an inference that the officer’s reliance on the warrant was not objectively reasonable. A contrasting situation is found in the case before us, where the officer knew of facts that would have established probable cause, but omitted those facts from his affidavit and then relied on the warrant issued by a judge who did not know those additional facts. Knowing additional facts that would establish probable cause, but that were not presented to the issuing magistrate, does not establish' that thfe officer reasonably believed that the warrant was properly issued. In the first situation, extra-affidavit facts are relevant to the pertinent question of whether the officer reasonably believed that the warrant was valid. But the extra-affidavit facts in the second situation have no bearing on the question.
The government also cites the Eleventh Circuit’s decision in United States v. Martin, 297 F.3d 1308 (11th Cir.), cert. denied, 537 U.S. 1076, 123 S.Ct. 667, 154 L.Ed.2d 574 (2002), in support of its proposed rule. In Martin, the Eleventh Circuit concluded that although the affidavit did not establish probable cause, it “contained sufficient in-dicia of probable cause to enable a reasonable officer to execute the warrant thinking it valid.” Id. at 1315. Because no other exception to Leon applied (e.g., the magistrate had not abandoned his judicial role), this conclusion should have ended the Eleventh Circuit’s inquiry.
The Martin court then proceeded, however, to redundantly “make an inquiry as *600 to whether [the police officer] reasonably relied upon the search warrant.” Id. at 1318. In answering this question, the Eleventh Circuit decided that it was permitted to consider additional facts supporting probable cause that the police officer had known but had not disclosed to the issuing magistrate. The court concluded: “Under the totality of the circumstances, taking into account the facts known to [the police officer] at the time he applied for the search warrant, we find that [the police officer] reasonably believed that probable cause existed to execute a search warrant.” Id. at 1320. I find this portion of the opinion in Martin perplexing, because the relevant question under Leon is whether the officer reasonably believed that the warrant was valid, not whether probable cause existed. Perhaps this part of Martin can be chalked up to dicta. But even if this characterization is incorrect, this court is of course not bound by the holdings of our sister circuits. Nixon v. Kent County, 76 F.3d 1381, 1388 (6th Cir.1996) (en banc).
The government also recites the comment in MaHin that “[t]he exclusionary rule is meant to guard against police officers who purposely leave critical facts out of search warrant affidavits because these facts would not support a finding of probable cause.” 297 F.3d at 1320. I agree with this statement, but find it underinclu-sive. The Supreme Court stated in Leon that “the exclusionary rule ... operates as a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect.” 468 U.S. at 906, 104 S.Ct. 3405 (internal quotation marks omitted) (emphasis added). Although an officer’s intentional omission of unsupportive facts from a search warrant application may well violate the Fourth Amendment, it is by no means the only way to violate the Amendment. See, e.g., id. at 922-24, 104 S.Ct. 3405 (listing multiple examples of Fourth Amendment violations). The Martin court’s statement of the exclusionary rule’s purpose is therefore underinclusive and does not justify the government’s position.
One other conceivable source of authority for the consideration of the undisclosed information, which this court relied upon in the unpublished decision of United States v. Leaster, No. 00-6501, 2002 WL 1147343, at *8 (6th Cir. May 28, 2002), is Anderson v. Creighton, 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Although the Supreme Court did indeed state in Anderson that “whether it was objectively legally reasonable to conclude that a given search was supported by probable cause or exigent circumstances will often require examination of the information possessed by the searching officials,” id. at 641, 107 S.Ct. 3034, this statement was made in the context of deciding whether qualified immunity protected an officer conducting a warrantless search that was undertaken because of exigent circumstances. Given that no warrant is required for a search undertaken with both probable cause and exigent circumstances, I believe that Anderson provides no support for the rule proposed by the government. Leaster failed to make this key distinction and is thus unpersuasive.
The Eighth Circuit also relied on Anderson to justify its adoption of the rule proposed by the government. See United States v. Martin, 833 F.2d 752, 756 (8th Cir.1987). It did so without acknowledging the significance of the “exigent circumstances” exception to the warrant requirement, an exception not present in the case before us. Subsequent Eighth Circuit cases have simply followed Martin without any further analysis. See, e.g., United States v. Johnson, 78 F.3d 1258, 1263 (8th Cir.1996); United States v. Simpkins, 914 F.2d 1054, 1057 (8th Cir. *601 1990). I therefore find the Eighth Circuit cases equally unpersuasive.
No compelling authority, in sum, stands for the proposition that a search conducted pursuant to an invalid warrant can be saved under Leon’s good-faith exception on the basis that the officers had other information that was not presented to the issuing magistrate, but that would have established probable cause. This proposition is contrary to Leon and, in my opinion, the court should so declare in the case before us.