UNITED STATES of America,
Plaintiff—Appellee,

v.

Nadine ROBINSON, Defendant—Appellant.

No. 03–30338.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2004.

Decided July 8, 2004.

Thomas M. Gannon, Appellate Section, Criminal Division, Department of Justice, Washington, DC, James E. Seykora, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Penelope S. Strong, Esq., Billings, MT, for Defendant–Appellant.

Before: BRUNETTI, MCKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM *

Nadine Robinson appeals her convictions for maintaining a drug-involved premises and for possession of marijuana. We reverse.

On de novo review, we conclude the district court erred in denying Robinson's motion to suppress the evidence obtained in the search of her residence.

─────

■ First, the search warrant does not meet the requirements of an anticipatory search warrant. The law enforcement officer's affidavit supporting the warrant application specified that a controlled delivery of an express mail package, which fit the profile of a package containing drugs, would be performed at the Robinson residence fifteen minutes prior to the search of the residence. The controlled delivery was seemingly included as a condition precedent to establish probable cause, and thus to obtain an anticipatory search warrant. For whatever reason, the search warrant made no mention of this controlled delivery, and the government has not demonstrated (or even argued) that the affidavit was attached to the warrant and given to Robinson during the search. Robinson contends she did not receive the affidavit with the warrant. Given the government's concessions and Robinson's assertions, we conclude the warrant was not a valid anticipatory search warrant. *See United States v. Vesikuru,* 314 F.3d 1116, 1119–20 (9th Cir.2002).

■ If construed as a regular search warrant, there was insufficient independent probable cause to support the search of Robinson's residence. "Probable cause exists when there is a fair probability or substantial chance of criminal activity." *United States v. Bishop,* 264 F.3d 919, 924 (9th Cir.2001). Giving due deference to the law enforcement officer's years of experience and taking into consideration the suspicious nature of the package, the prior express mail deliveries to the residence, and Robinson's husband's criminal history, does not permit a reasonable conclusion that contraband was inside the residence. *United States v. Hove,* 848 F.2d 137 (9th Cir.1988).

Because we conclude law enforcement violated Robinson's Fourth Amendment rights under both scenarios, we reverse her convictions and need not address her remaining arguments.

REVERSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.