**A. KENDRICK, Plaintiff–Appellant,**

**v.**

**Le Roy BACA; Michael T. Costleigh, Lasd Detective # 173151, Defendants–Appellees.**

**D. Kendrick, Plaintiff–Appellant,**

**v.**

**Le Roy Baca; Bassey, Los Angeles County Sheriff Lieutenant; Willie Miller, Captain; Michael T. Costleigh, Los Angeles County Sheriff Department Detective # 173151; Twenty–Five Unknown Named Lasd Employee Defendants; Twenty–Five Unknown Named FBI Agents, all in both their individual and official capacities; Nathaniel Washington, Defendants–Appellees.**

Nos. 03–56804, 03–56814.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2005.

Decided June 14, 2005.

**512**

Stephen Yagman, Marion R. Yagman, Yagman & Yagman & Reichmann, Venice, CA, Kathryn S. Bloomfield, Shreveport, LA, Prof. Erwin Chemerinsky, Duke Law School, Durham, NC, for Plaintiffs–Appellants.

Patrick L. Hurley, Steven Blades, Manning & Marder et al., LLP, Los Angeles, CA, for Defendants–Appellees.

Before: REINHARDT, KOZINSKI, and THOMAS, Circuit Judges.

## MEMORANDUM *

The Kendricks contend that the district court erroneously determined that the defendants are entitled to qualified immunity. We affirm the district court's grant of summary judgment to Deputy Costleigh with respect to the search, but reverse with respect to the arrests. We affirm the district court's grant of summary judgment to Sheriff Baca in all respects.

■ We first consider whether the Kendricks have shown that the search of their residence violated their constitutional rights. *See Sonoda v. Cabrera,* 255 F.3d 1035, 1040 (9th Cir.2001). They allege only that the affidavit supporting the search warrant failed to establish probable cause. Probable cause for the search depended entirely upon the confidential informant's veracity, reliability, and basis of knowledge. The Statement of Probable Cause supporting the search warrant set forth sufficient facts regarding the basis of the informant's knowledge, sufficient details of the informant's past performance in providing credible information to the police, and sufficient corroboration of the information provided by the informant. This is not a case in which "the affidavit offers no hint as to why the police wanted to search this residence." *United States v. Hove,* 848 F.2d 137, 139–40 (9th Cir.1988). "There was enough information so that objectively reasonable officers were entitled to rely on the magistrate judge's determination." *United States v. Clark,* 31

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

F.3d 831, 835 (9th Cir.1994), *cert. denied,* 513 U.S. 1119, 115 S.Ct. 920, 130 L.Ed.2d 800 (1995). Both defendants are therefore entitled to qualified immunity with respect to the search.

The Kendricks also urge that Deputy Costleigh is not entitled to qualified immunity with respect to the arrests. Because the deputy was granted summary judgment, we view the evidence in the light most favorable to the Kendricks. *See United States v. City of Tacoma,* 332 F.3d 574, 578 (9th Cir.2003). The only basis that the deputy asserts for qualified immunity for the arrests is that he was not present at the time the arrests were made. The Kendricks counter that he was indeed at the scene and that he was in charge. There is substantial evidence, including the deputy's own declaration, from which the inference can be drawn that he was present during at least a portion of the time that the Kendricks were being detained and questioned. We conclude that the question of the deputy's presence while the arrests were in progress presents a genuine issue of material fact. *See Balint v. Carson City,* 180 F.3d 1047, 1054 (9th Cir. 1999) (en banc). Therefore, Deputy Costleigh is not entitled to summary judgment and we reverse with respect to his role in the arrests.

Finally, there is no evidence that Sheriff Baca violated the Kendricks' constitutional rights, that he ratified the conduct of any of the arresting officers, that he acted with reckless indifference to the rights of others, or that he was deficient in his training, supervision, or control. The sheriff is therefore entitled to qualified immunity and summary judgment.

We would be less than candid if we failed to add that we are disturbed by what appears, at least on the basis of the sparse record before us, to have occurred in this case. The cursory investigation apparently conducted by the police before arresting a law abiding citizen and his innocent police officer spouse and searching their home, may not have resulted in the alleged constitutional violation, at least with respect to the search, but it appears to have fallen far short of the type of conduct the public is reasonably entitled to expect of its law enforcement officers. The execution of the search, although not challenged, also appears to have violated the applicable rules. Nevertheless, as is our wont, we resolve only the constitutional questions squarely presented to us by the pending appeal.

AFFIRMED IN PART AND REVERSED IN PART AS TO DEFENDANT COSTLEIGH; AFFIRMED AS TO DEFENDANT BACA. Judge Kozinski concurs in the judgment.