**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADOLFO GUZMAN, Jr.,

Defendant - Appellant.

No. 15-10049

D.C. No. 1:13-cr-00565-HG-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Argued and Submitted June 14, 2016
Honolulu, Hawaii

Before: THOMAS, Chief Judge, and CALLAHAN, and MURGUIA, Circuit
Judges.

Adolfo Guzman, Jr. entered a conditional plea agreement and pleaded guilty

to an indictment charging him with drug trafficking offenses under 21 U.S.C. §§

841(a)(1), 841(b)(1)(A) and 846. On appeal, he claims that the district court erred

in denying his motion to suppress trafficking evidence recovered from the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

residence of co-defendant Antonio Perez, Jr. pursuant to a search warrant. We have jurisdiction under 18 U.S.C. § 1291 and, on de novo review, affirm the conviction under the good faith exception to the exclusionary rule.[1] *United States v. Fries*, 781 F.3d 1137, 1146 (9th Cir. 2015); *United States v. Crews*, 502 F.3d 1130, 1136 (9th Cir. 2007).

Under the good faith exception, law enforcement officers may execute a warrant they reasonably believe to be lawful even if the warrant is later found to be technically defective. *United States v. Leon*, 468 U.S. 897, 920–21 (1984). A search conducted pursuant to a warrant will normally fall within the exception unless one of the following four circumstances exist: (1) the issuing magistrate was knowingly misled; (2) the issuing magistrate wholly abandoned his or her judicial role; (3) the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; or (4) the warrant is so facially deficient that reliance upon it is unreasonable. *Id*. at 923.

Guzman challenges the search based on circumstances two and three. As to the second circumstance, Guzman contends that the magistrate abandoned his judicial role by deferring to the assertion that the traveler mentioned in the warrant

---

[1] We offer no opinion on whether the challenged warrant application establishes probable cause.

2

affidavit was, in fact, a known drug courier traveling from San Diego to Honolulu. Unlike the judge in *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319 (1979), who erred in conducting his own independent investigation of items to be seized pursuant to the warrant before him, the magistrate in this case evaluated the facts and made a detached and neutral decision to issue the warrant based on the totality of the facts presented in the affidavit alone, *see Crews*, 502 F.3d at 1138.

Regarding the third circumstance, Guzman contends that the warrant affidavit is so bare bones that reliance on it was unreasonable. "The test for reasonable reliance is whether the affidavit was sufficient to 'create disagreement among thoughtful and competent judges as to the existence of probable cause.'" *United States v. Hove*, 848 F.2d 137, 139 (9th Cir. 1988) (quoting *Leon*, 468 U.S. at 926). The affidavit here meets this test. The document contains the following information presenting a "colorable showing of probable cause," *id.* at 140: On May 31, 2013 (the date of the warrant application), law enforcement agents in San Diego alerted agents in Honolulu that an individual under investigation was onboard a flight from San Diego to Honolulu. The San Diego agents provided the Hawaii agents with a description and photo identification of the individual, who Hawaii agents identified upon his arrival in Honolulu at approximately 1:20 p.m. Agents secretly followed the individual to his hotel where they observed an

3

encounter between the individual and Perez, who was carrying a backpack that appeared to be empty at the beginning of the encounter but appeared full when the two parted ways. Agents then followed Perez to an apartment building and, with the help of the resident manager, determined that Perez lived in unit #601. They knocked on the door of the unit. Perez opened the door and a strong odor of marijuana from the apartment caught the agents' attention, as well as a bong observed in plain view. The agents inquired whether others were inside the apartment, but Perez lied, stating that no one else was present. Agents continued to ask in a loud voice until Guzman and another male emerged from the apartment. The three were identified and detained, and the apartment secured pending a warrant to search the residence for controlled substances and other indicia of drug trafficking. Given these allegations, application of the good faith exception was proper. *See Crews*, 502 F.3d at 1137.

**AFFIRMED**.