**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10019 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00308-GEB-1 |
| v. | |
| KENDALL THRIFT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Argued and Submitted April 9, 2018
San Francisco, California

Before: THOMAS, Chief Judge, FERNANDEZ, Circuit Judge, and EZRA,**
District Judge.

Appellant Kendall Thrift challenges the district court's denial of his

motions to suppress evidence obtained through a search warrant, and the district

court's denial of his request for an evidentiary hearing pursuant to *Franks v.*

*Delaware*, 438 U.S. 154 (1978). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

**Motions to Suppress.** Thrift claims the district court erred in denying his motions to suppress because the affidavit that supported the warrant did not provide a substantial basis for the state court judge's conclusion that there was probable cause to search Thrift's residence. In this case, it is a close question whether the warrant was supported by probable cause. Although a close call, we need not resolve this issue because even if the warrant lacked probable cause, the good faith exception to the Fourth Amendment's exclusionary rule applies in this case. *United States v. Hove*, 848 F.2d 137, 139 (9th Cir. 1988) (holding that the good faith exception applies when "the affidavit was sufficient to 'create disagreement among thoughtful and competent judges as to the existence of probable cause'") (quoting *United States v. Leon*, 468 U.S. 897, 926 (1984)). Since a reasonably well trained police officer could conclude, in good faith, that there was probable cause to search the residence, *Leon*, 468 U.S. 923 n.23, all the evidence seized at the residence was admissible against Thrift. We therefore affirm the district court's orders denying Thrift's motions to suppress. *See United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986) (noting that when reviewing a motion to suppress, the court "may affirm on any ground fairly supported by the record").

**Request for a *Franks* Hearing.** Thrift contends that the district court erred in denying his request for a *Franks* hearing because the affidavit that

supported the warrant purportedly contained false or misleading statements or omissions. Thrift, however, did not provide any evidence—other than bare assertions—to support the contention that the false or misleading statements or omissions were reckless or intentionally misleading. *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017) (explaining that a defendant prevails at a *Franks* hearing only if (1) the affiant intentionally or with reckless disregard for the truth, included a false or misleading statement or omission in the warrant application; and (2) without this information included in the warrant application, there is no longer probable cause). Bare assertions fall short of the preponderance of the evidence that *Franks* requires. *See United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002) ("Given the assumption of validity underlying a supporting affidavit, a party moving for a *Franks* hearing must submit 'allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.'" (quoting *Franks*, 438 U.S. at 154)); *see also United States v. Dozier*, 844 F.2d 701, 705–06 (9th Cir. 1988) (denying a *Franks* hearing when defendant failed to prove that omissions and false statements were intentional). Because Thrift "failed to offer proof that [the purported false or misleading statements and] omissions represented deliberate falsehood or a reckless disregard for the truth," the district court properly denied Thrift's motion for a *Franks* hearing. *Chavez-Miranda*, 306 F.3d at 979–80.

3

17-10019

**AFFIRMED.**