NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-50002 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00498-SB-AB-2 |
| v. | |
| ROBERT EUGENE FOWLER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted March 10, 2023
Pasadena, California

Before:  KLEINFELD, WATFORD, and COLLINS, Circuit Judges.

Robert Fowler appeals from the district court's order denying his motion to

suppress evidence of drug trafficking seized from his Toyota Camry.  The district

court concluded that the good-faith exception to the Fourth Amendment's

exclusionary rule applied.  Finding no error, we affirm.

The good-faith exception provides an exemption from the exclusionary rule

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

when "an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." *United States v. Leon*, 468 U.S. 897, 920 (1984). The minimum requirements of the good-faith exception are not met when a warrant is "based on an affidavit that is so lacking in indicia of probable cause that official belief in its existence is entirely unreasonable." *United States v. Fowlie*, 24 F.3d 1059, 1067 (9th Cir. 1994).

Here, the affidavit made a colorable argument for probable cause, which the agents relied on in good faith in securing a warrant to search Fowler's car. The statement of probable cause connected Fowler and his car to known drug traffickers. It documented that law enforcement officers had observed Fowler driving a known drug trafficker in his Camry to a nearby motel shortly after that known trafficker had conducted a suspected drug sale. It also stated that, on one occasion in which Fowler drove one known trafficker (Brian Bridges) to meet with another trafficker (Christina Neff) who emerged from an apartment building, Fowler himself first exited the car and approached the building in an apparent effort to find Neff. Fowler then drove around the block in an apparent effort to locate Neff, and after Neff approached the car and spoke to Bridges, Fowler drove away "at a high rate of speed." The statement of probable cause also cited relevant information concerning those known drug traffickers that was gained from the Los Angeles Police Department's investigations into drug trafficking in the Wilshire

2

and Hollywood areas and from Detective Braun's experience and knowledge about drug trafficking operations.

These facts are, at a minimum, "sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause." *Id*. (quoting *United States v. Hove*, 848 F.2d 137, 139 (9th Cir. 1988)). Accordingly, the district court properly denied Fowler's motion to suppress on the ground that the good-faith exception applies here.

**AFFIRMED.**